**GREATER NEW ORLEANS STAGE, MOTION PICTURE, etc.**

v.

**W.H. BOWER SPANGENBERG, INC., et al.**

**Civ. A. No. 83–6033.**

United States District Court, E.D. Louisiana.

May 21, 1984.

M.H. Gertler, Gertler & Gertler, New Orleans, La., for plaintiffs.

McGlinchey, Stafford, Mintz & Cellini, Robert B. Mitchell, New Orleans, La., for defendants.

McCalla, Thompson, Pyburn & Ridley, Horace A. Thompson, III and Stefanie J. Allweiss, New Orleans, La., and Jenkens & Gilchrist, Steven R. McCown, Dallas, Tex., for United Exposition Service, Co.

## OPINION

ARCENEAUX, District Judge.

This matter came before the Court on motion to remand filed on behalf of plaintiff, Greater New Orleans Stage, Motion Pictures, Television and Exhibition Employees Local No. 39 ("Local"). After hearing oral argument on March 14, 1984, the Court ordered that supplemental memoranda be submitted and took the matter under submission. Having thoroughly considered the memoranda of counsel, the record and the law, the motion to remand is GRANTED for reasons set forth hereinafter.

## BACKGROUND

Plaintiff originally filed this suit in state court alleging that after labor contracts with the defendants expired on June 30, 1983, the defendants jointly conspired to refuse to bargain in good faith, thereby causing plaintiff to strike on September 5, 1983. Plaintiff further alleges that during the course of the strike action, the defendants agreed amongst themselves to "borrow" each others' personnel for certain exhibitions and conventions in New Orleans. As a result of these conspired actions, plaintiff claims that defendants violated Louisiana law prohibiting conspiracies in restraint of trade, La.Rev.Stat. 51:121 et seq, and unfair trade practices, La.Rev. Stat. 51:1401 et seq. The strike ended

when new contracts were signed in November, 1983. Plaintiff is seeking damages arising during the strike period allegedly caused by the unlawful activity of the defendants.

On the petition for removal, jurisdiction in this Court is claimed under 28 U.S.C. § 1331 since the cause of action arises out of a labor-management dispute and federal law preempts state law in such matters. The motion to remand alleges that since the suit could not have been brought originally in federal court, it has been improperly and improvidently removed.

Defendants argue that the plaintiff raises questions of federal law in its petition; specifically, defendants allege that each wrongful action set forth in the petition are proscribed by the National Labor Relations Act ("NLRA"), 29 U.S.C. § 157 and § 158. They argue that state courts totally lack jurisdiction over such state unfair practices and antitrust actions due to preemption of federal laws. They seek a declaration that these claims arise under the federal labor and antitrust laws so that their anticipated motions to dismiss for lack of subject matter jurisdiction and failure to state a claim can be entertained by the Court.

## LAW

Removal to federal court is appropriate in any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the laws of the United States. 28 U.S.C. § 1441(b). Remand is appropriate at any time prior to final judgment if it appears that the case was removed improvidently and without jurisdiction. 28 U.S.C. § 1447(c).

■■ On a motion to remand, the non-moving party has the burden of proving that removal was proper and that the federal court has jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Jurisdiction at the time the petition for removal was filed as reflected in the pleadings must be shown. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

■ The removal court should inspect the complaint carefully to determine whether a federal claim is presented, even if the plaintiff has couched his pleadings exclusively in terms of state law. *In Re Carter*, 618 F.2d 1093 (5th Cir.1980) cert. denied sub nom. *Sheet Metal Workers International Association v. Carter*, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981). A plaintiff may not defeat removal by fraudulent means or by artfully failing to plead essential federal issues in a complaint. *Avco Corp. v. Aero Lodge No. 735, International Association of Machinists*, 376 F.2d 337 (6th Cir.1967), aff'd 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

■ In the opinion of this Court, defendants' argument fails on several grounds. Accepting as true the defendants' federal characterization of the plaintiff's claims, removal is improper due to a lack of jurisdiction in the state court and due to a lack of original jurisdiction in this Court. In addition, this Court rejects the contention that a careful review of the pleadings necessarily reflects federal, rather than state claims. Finally, this Court believes that removal for the sole purpose of dismissal under the circumstances presented herein is itself improper.

■ In arguing that the plaintiff is asserting violations of § 157 and § 158, which cannot be heard in state court, defendants prove too much. In addition to the requirement of original jurisdiction in federal court, removal is permitted only if the case is within the jurisdiction of the state court. Since the jurisdiction of the federal court is derivative, where the state court has no jurisdiction, the federal courts acquire none on removal. 14 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3721 (1975). "If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co. v. Baltimore & Ohio Railroad*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922).

Perhaps corallary to this rule of law is the firmly established maxim that an anticipated defense predicated on federal preemption does not serve to invoke original federal question jurisdiction. *Powers v. South Central United Food & Commercial Workers Union*, 719 F.2d 760 (5th Cir.1983). Where federal law governs, defenses remain just as available in state court, and review may be had by the United States Supreme Court. *Local 926, International Union of Operating Engineers v. Jones*, 460 U.S. 669, 103 S.Ct. 1453, 75 L.Ed.2d 368 (1983); *Powers, supra* at 766–767, fn 6, 7.

It is equally clear that original jurisdiction in this Court is lacking in cases arising from 29 U.S.C. § 157 and § 158.[1] While defendants concede that such actions are within the exclusive jurisdiction of the National Labor Relations Board ("NLRB") under the statutory scheme, the significance of that circumstance is underestimated.

It is obvious that no NLRA jurisdictional statute confers jurisdiction over such matters in this Court. *Connell Construction Co., v. Plumbers & Steamfitters Local Union No. 100*, 421 U.S. 616, 95 S.Ct. 1830, 44 L.Ed.2d 418 (1975). Therefore, reliance on 29 U.S.C. § 185, which gives unions the right to file civil suits in the district court based on violations of labor contracts is misguided; no contract existed at the times set forth in plaintiff's complaint. In addition, federal jurisdiction over such suits is not exclusive, state courts may also hear such matters. As such, removal is proper. *Local 174, Teamsters, Chauffeurs, Warehousemen, Helpers of America v. Lucas*

*Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962)[2].

Moreover, this Court attaches significance to the fact that the NLRA, in creating rights and remedies, simultaneously enacted jurisdictional statutes attendant to those rights. The lack of a jurisdictional statute conferring jurisdiction in the federal courts over § 157 and § 158 actions divests this Court of original federal question jurisdiction pursuant to the broad "arising under" sections of the Judicial Code, 28 U.S.C. § 1331 and § 1337.[3] The grants are not mutually exclusive or alternative in such a situation.

Federal courts are courts of limited jurisdiction; they can hear only those cases within the judicial power as defined in the Constitution where empowered by a jurisdictional grant of Congress. 13 Wright & Miller, *Federal Practice and Procedure* § 3522 (1975). Where that power is granted by statute, the Court must scrupulously confine their jurisdiction to the precise limits defined in the statute. *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971). While general jurisdictional provisions are important when the Act of Congress does not have its own special jurisdictional statute, it adds nothing to one that does. *IIT v. Vencap, Ltd.*, 519 F.2d 1001 (2d Cir. 1975). Were that not the case, the procedural objectives of Congress would have been accomplished without the need of any special jurisdictional statute since federal rights would necessarily be in issue. Rather, Justice Frankfurter's logic and analysis

---

1. No claim that the labor questions presented herein arise as collateral issues in an otherwise federal suit has been made or is supported. In this regard, *In Re Carter, supra,* is distinguishable. A cause of action with a right to institute court proceedings was recognized under the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 401 et seq.

2. Under this same rationale, the Court considers cited labor cases dealing with actions based on specific jurisdictional grants set forth in the NLRA as irrelevant to issues of removal and original jurisdiction of this Court in the matter *sub judice. See e.g.: Avco, supra,* (29 U.S.C.

§ 185); *Talbot v. National Super Markets of Louisiana*, 372 F.Supp. 1050 (E.D.La.1974) (29 U.S.C. § 185); *See also: NLRB v. Erie Resistor Corp.*, 373 U.S. 221, 83 S.Ct. 1139, 10 L.Ed.2d 308 (1963) (review of NLRB order); *Mobile Mechanical Contractors Association v. Carlough*, 664 F.2d 481 (5th Cir.1981), cert. denied 456 U.S. 975, 102 S.Ct. 2240, 72 L.Ed.2d 850 (1982) (29 U.S.C. § 187).

3. The "arising under" requirement of these two sections has been interpreted to be the same. *Eitmann v. New Orleans Public Service, Inc.,* 730 F.2d 359 (5th Cir.1984).

of the Court's jurisdiction over § 157 and § 158 claims is applicable:

> But Courts are not primary tribunals to adjudicate such issues. It is essential to the administration of the Act that these determinations be left in the first instance to the National Labor Relations Board.

*San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 244–245, 79 S.Ct. 773, 779 (1959).[4] This deficiency deprives the Court of power to exercise jurisdiction in such matters. *United Steelworkers of America v. Rome Industries, Inc.,* 321 F.Supp. 1170 (N.D.Ga.1970), aff'd 437 F.2d 881 (5th Cir.1970).

Defendants' argument that all labor disputes necessarily fall within the Court's jurisdiction is frivolous. No "unique interests" exist which exempt the alleged unfair labor practices *sub judice* from the *Garmon* rule. *Vaca, supra* at 181, 87 S.Ct. at 912. In any event, it is clear that Congress has chosen not to confer jurisdiction over all § 157 and § 158 controversies in the federal judiciary. *Garmon, supra* at 244–245, 79 S.Ct. at 779. Indeed, the federal courts are prohibited from intervening in cases involving alleged unfair labor practices. *Sears, Roebuck & Co. v. San Diego County District Council of Carpenters,* 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978); *Garner v. Teamsters, Chauffeurs & Helpers Union No. 776,* 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228 (1953).

■ Defendants' argument that this Court has "jurisdiction to determine whether the legality or illegality of the activities described in plaintiff's complaint must be determined by reference to the NLRA," is equally unfounded. Jurisdiction is synonymous with the power of this Court to hear a case *ab initio. Davis v. Passman,* 442 U.S. 228, 240, 99 S.Ct. 2264, 2274, 60 L.Ed.2d 846 (1979). Not only does this argument disregard the defendants' burden of proving original jurisdiction in this Court on removal, but asks this Court to render an advisory opinion as a courtesy to parties who unprovidently removed this case to federal court. "It is not for this Court to determine whether such activities are subject to state jurisdiction." *Garmon, supra* at 246, 79 S.Ct. at 780. If the Supreme Court is so restrained, so is this Court.

■ Having heretofore accepted defendants' characterization of the plaintiff's complaint in discussing the jurisdictional defects in the removal, the Court now rejects that characterization. The complaint clearly sets forth a host of civil conspiracy claims against the defendant for activity during the strike period when no contract existed. It is clear that there exists no federal statute recognizing claims of civil conspiracy in the labor relations field. *Abrams v. Carrier Corp.,* 434 F.2d 1234 (2nd Cir.1970), cert. denied 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971); *Berard v. General Motors Corp.,* 493 F.Supp. 1035 (D.Mass.1980), aff'd 657 F.2d 261 (1st Cir.1980), cert. denied 451 U.S. 987, 101 S.Ct. 2322, 68 L.Ed.2d 845 (1981). Unlike suits for violation of labor contracts under 29 U.S.C. § 185, no private causes of action for damages arising under such circumstances is cognizable in federal court. This Court is unwilling and unable to rule upon the viability of any causes of action which

---

4. To the extent that the holding of *In Re Carter, supra,* can be read for the proposition that § 158 actions fall within the jurisdiction of the federal court, this Court is bound to adhere to the holding of the *Garmon* Court on this issue. Nevertheless the Court notes, however, that *In Re Carter* involved a suit brought by an individual alleging breach of a duty of fair representation. These causes have been deemed to play a "unique role" in the scheme of federal labor law. The doctrine of unfair representation was judicially developed and cognizable before the NLRA conferred exclusive jurisdiction over unfair labor practices in the NLRB. The judici-

ary's continuing jurisdiction has been specifically recognized and found to be exempt from *Garmon* preemption. *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

The Court also notes a strong dissent by Justice Rehnquist on the denial of certiorari in that case. Under 28 U.S.C. § 1447(d), orders of remand are not reviewable on appeal or otherwise. Justice Rehnquist was of the opinion that "[s]uch manifest disregard of the language of Congress should warrant at least review by this Court, if not summary reversal." *Sheet Metal Workers, supra* at 950, 101 S.Ct. at 1411.

plaintiff has sought under state law.[5] There being no such federal cause of action cognizable in this Court, discussion of total preemption over state causes of action is meaningless. *Compare: Eitmann, supra.*

Likewise, instead of identifying the nature of the antitrust claim allegedly set forth in plaintiff's complaint, defendants anxiously put on their defense that no federal cause of action is available to the union under federal law. While this argument should provide some insight into plaintiff's choice to invoke state law, the Court will agree that the complaint does not set forth a federal antitrust claim. On a motion to remand, the inquiry goes no further; again, this Court is not permitted to render advisory opinions on the state antitrust claims where jurisdiction is lacking.

Moreover, this Court is persuaded that to deny remand under circumstances where no federal claim exists would work an injustice:

> While the process of removal of state actions looks to trial of the removal cause in a more appropriate forum, here removal will assure that the cause will never be tried at all. It would be incongruous for us to construe these state law ... claims as arising under the federal law ... it would appear that they never arose at all.

*California v. California & Hawaiian Sugar Co.*, 588 F.2d 1270 (9th Cir.1978), cert. denied 441 U.S. 932, 99 S.Ct. 2052, 60 L.Ed.2d 660 (1979). Like the Ninth Circuit, this Court makes no pretense of forecasting state law in this area; that court remains free to evaluate the validity of the claims contained in plaintiff's complaint.  Contemplation of dismissal for lack of jurisdiction is inappropriate. Defendants have failed in their burden of establishing the original jurisdiction of the Court in this matter. Having found that the case was removed improvidently and without jurisdiction, remand is mandatory; dismissal is not an available alternative disposition under the Federal Rules. 28 U.S.C. § 1447(c); *Cox v. International Union of Operating Engineers*, 672 F.2d 421 (5th Cir.1982); *Weeks v. Fidelity & Casualty Co. of New York*, 218 F.2d 503 (5th Cir. 1955). Accordingly,

IT IS ORDERED that the plaintiff's motion to remand is GRANTED; this matter shall be REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana.

---

5. "If a litigant is an appropriate party to invoke the power of the courts, it is said that he has a 'cause of action' under the statute, and that this cause of action is a necessary element of his 'claim' ... The concept of a 'cause of action' is employed specifically to determine who may judicially enforce the statutory rights or obligations." *Davis, supra* at 239, 99 S.Ct. at 2274.