Stanley GLASSER, Miriam Glasser, his wife, Plaintiffs-Appellees,

v.

AMALGAMATED WORKERS UNION LOCAL 88, R.W.D.S.U., AFL–CIO, et al., Defendants-Appellants.

No. 86-5275

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Dec. 31, 1986.

As Amended Jan. 10, 1987.

Allan M. Elster, North Miami Beach, Fla., for defendants-appellants.

Ronald G. Neiwirth, Miami, Fla., for plaintiffs-appellees.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

The issue before this court is whether a district court's order remanding a case back to state court because of lack of subject matter jurisdiction is reviewable. Relying on 28 U.S.C. § 1447(d), we hold that it is not.

Appellees Stanley Glasser and his wife filed suit in state court against the appellants, including Amalgamated Workers Union Local 88, R.W.D.S.U., AFL–CIO (Union), alleging that appellants wrongfully denied Glasser medical insurance benefits under an employee benefit plan administered by the Union. Appellees asserted claims for breach of contract, fraud, and breach of fiduciary duty, as well as statutory claims under the Florida Insurance Code (Fla.Stat. § 626.9541 et seq.) and the Florida Consumer Protection Act (Fla.Stat. § 501.211(a)).

Appellants filed a Petition for Removal of the case to federal district court claiming (1) that jurisdiction exists because the appellees' claims arise under section 1132(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq., (2) that section 1132(e) of the Act vests the federal district court with original and exclusive jurisdiction of claims arising under the Act, and (3) that section 1144 of ERISA preempts all state laws dealing with employee benefit plans. Appellees disagreed and contended that the federal court did not have jurisdiction because appellees did not raise any federal claims in their complaint. The district court found that appellees' claims were all state law claims and that appellants' federal claims were simply defenses. Applying the well-pled complaint rule, the district court concluded that it lacked jurisdiction and remanded the case to state court. Ap-

pellants appealed the remand order to this court.

As a general rule, appellate courts may not review district court remand orders.[1] 28 U.S.C. § 1447(d). The only statutory exception is for civil rights cases removed under 28 U.S.C. § 1443. *Id.* Appellants, however, correctly do not claim that this is a civil rights case. In fact, appellants have no express statutory basis for their claim that this court has jurisdiction to review the remand order. Instead, appellants urge this court to create an exception to section 1447(d) where the decision of the district court to remand an ERISA action is clearly erroneous. As support for their "clearly erroneous exception," appellants rely on *Clorox, Co. v. United States District Court for the Northern District of California,* 779 F.2d 517 (9th Cir.1985) and *Pelleport Investors, Inc. v. Budco Quality Theaters, Inc.,* 741 F.2d 273 (9th Cir.1984) in which the Ninth Circuit permitted review of remand orders that, according to appellants, were based on an erroneous application of the law.

Contrary to appellants' claim, the Ninth Circuit cases cited provide no support for creating a clearly erroneous exception to section 1447(d) to permit review of remand orders that are based on lack of jurisdiction. In fact, the Ninth Circuit cases and the clear weight of precedent support the view that there is no justification for the claim that section 1447(d) can be interpreted as permitting such an exception. It is firmly established that section 1447(d) prohibits appellate review of any remand order, such as this one, issued on the ground that the district court lacks jurisdiction; review of such a remand order is forbidden

even where the order is erroneous. *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 342–43, 351, 96 S.Ct. 584, 589, 593, 46 L.Ed.2d. 542 (1976); *Clorox,* 779 F.2d at 520; *Pelleport,* 741 F.2d at 276–77. We therefore decline to follow appellants' suggestion.

Appellants also claim that we should adopt the "matter of substantive law" exception created by the Ninth Circuit in *Clorox,* and *Pelleport,* and apply it to the case before us. This exception, however, is a narrow one: it permits appellate review of a district court remand order only where that order is based solely on a matter of substantive law.[2] It expressly does not permit review of a remand order based on lack of jurisdiction. *Clorox,* 779 F.2d at 520; *Pelleport,* 741 F.2d at 276–77. Therefore, we will not consider whether we will adopt this exception because, even if we did, the remand order in the instant case would not be appealable. The district court expressly based its decision to remand on the conclusion that it lacked subject matter jurisdiction.

It is true that, as in *Clorox* and *Pelleport,* the decision underlying the remand order involved a conclusion of substantive law. However, unlike in those cases, here the substantive law decision related to the question of jurisdiction; the remand order did not affect the substantive rights of the parties. *Compare Clorox,* 779 F.2d at 520; *Pelleport,* 741 F.2d at 276–77. In particular, the court did not reach the merits of the preemption argument. The state court may in fact rule that ERISA does preempt appellees' state law claims and that appellees must proceed, as appellants contend, under subsection 1132(a)(1)(B) of ERISA.

1. 28 U.S.C. § 1447(d) provides in pertinent part that: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...."

2. In *Pelleport,* the Ninth Circuit concluded that it could review the remand order in a contract case where the district court had remanded the case based on its conclusion that a forum selection clause in the contract was valid and enforceable. The court concluded that it could review the remand order because the remand order was not based on jurisdictional grounds but instead was based on a substantive determi-

nation affecting the rights of the parties. 741 F.2d at 277. Similarly, in *Clorox* the Ninth Circuit concluded that it could review the district court's remand order because it found that the remand order was not based on a district court determination that it did not have jurisdiction but rather on a substantive determination that Clorox had waived its right to removal by informing employees in its employment handbook that suits to recover benefits under the plan in question could be filed in state or federal court. 779 F.2d at 520–21.

However, given that state courts have concurrent jurisdiction over actions brought under this subsection, *see* 29 U.S.C. § 1132(e)(1), should the state court conclude that ERISA governs, it can proceed to hear the case.[3] The appellants' substantive rights, therefore, are not affected by the remand order. The *Clorox/Pelleport* exception does not apply.

Appellants have no basis for their claim that we have jurisdiction to review the remand order. The appeal is DISMISSED.

3. Although appellants on appeal contend that appellees' claims are preempted by § 1132(a)(1)(B) of ERISA, in their Petition for Removal they argued instead that § 1132(a)(3)(B) preempts appellees' state law claims. Therefore, it appears that the district court should have decided the preemption question in order to determine whether it should have dismissed rather than remanded the case. Although federal courts have concurrent jurisdiction with state courts over claims under § 1132(a)(1)(B), they have exclusive jurisdiction over claims under § 1132(a)(3)(B). *See* 29 U.S.C. § 1132(e)(1). Consequently, if appellants' claims in their Petition for Removal are correct, then the state court lacks jurisdiction and dismissal rather than remand would have been appropriate. *See Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 24 n. 27, 103 S.Ct. 2841, 2854 n. 27, 77 L.Ed.2d 420 (1983); *Clorox,* 779 F.2d at 521–22; *accord Gutherie v. Dow Chemical Co.,* 445 F.Supp. 311, 314 (S.D. Tex.1978) (ERISA case); *Brown v. Johnson,* 373 F.Supp. 973, 974–75 (S.D. Tex.1975); *See also Digby v. U.U. Fidelity & Guaranty Co.,* 239 F.2d 569 (5th Cir.1957) (affirming district judge's dismissal of action for lack of state court original, and thus federal remand, jurisdiction). *But see Weeks v. Fidelity & Casualty Co. of New York,* 218 F.2d 503, 504 (5th Cir.1955) (Holmes, J.); *Greater New Orleans State v. W.H. Bower Spangenberg,* 587 F.Supp. 1307, 1312 (E.D.La.1984). We do not address this issue, however, because appellants did not raise it either below or on appeal and because, on appeal, appellants base their preemption claim on § 1132(a)(1)(B) over which state courts have concurrent jurisdiction. *See* 29 U.S.C. § 1132(e)(1).