**Mary Ann HANSEN, Plaintiff–Appellee,**

v.

**BLUE CROSS OF CALIFORNIA; Ventura County Foundation for Medical Care, Defendants–Appellants.**

No. 88–5910.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 28, 1989.

Decided Oct. 2, 1989.

As Amended Dec. 18, 1989.

---

Malissa Hathaway McKeith, Baker & McKenzie, Los Angeles, Cal., for defendants-appellants.

Timothy J. Morris, Gianelli & Morris, Los Angeles, Cal., for plaintiff-appellee.

Before NELSON and BOOCHEVER, Circuit Judges, and BROWNING, District Judge.[*]

BOOCHEVER, Circuit Judge:

## OVERVIEW

This case involves the attempt by Blue Cross of California (Blue Cross) to obtain appellate review of a district court order remanding a removed case to state court. Mary Ann Hansen (Hansen) brought a class action suit alleging state law claims for Blue Cross' failure to pay insurance benefits. Blue Cross removed the action based solely on the existence of federal question jurisdiction. It contended that the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461 (1982 & Supp. V 1987), preempted the state law claims. The district court held that it

---

[*] Honorable William R. Browning, United States District Judge for the District of Arizona, sitting by designation.

lacked subject matter jurisdiction after it concluded that Hansen's plan was not an ERISA plan because the individuals paid their own premiums.

## FACTS

Hansen filed a class action suit in state court against Blue Cross, the Ventura County Foundation (administrator of the group plan), and Doe defendants 1–20 for failure to pay benefits for medical expenses incurred by Hansen and other class members between 1984 and 1987 based on an exclusion for temporomandibular joint syndrome (TMJ). Hansen's class action complaint consisted of two counts: one for declaratory relief that the exclusion was improper; and the second for breach of California Insurance Code § 790.03 for continuing to deny benefits after a California court held that the TMJ exclusion was unenforceable. Hansen also sought punitive damages for Blue Cross' alleged violation of section 790.03.

Blue Cross filed a timely notice to remove the action to federal court alleging that Hansen's claims were preempted under ERISA, and consequently her complaint arose under federal law. Hansen had been enrolled in the Ventura County Medical Group Health Plan through her employer, Dr. Pallais. When Hansen's employer retired in January of 1987, Hansen elected to continue her health benefits pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA),[1] and began paying her own premiums. In the district court, Blue Cross then brought a motion to dismiss on grounds that the class action was improper, and the claims were preempted under ERISA. Hansen, in her Points and Authorities in Opposition to the motion to dismiss, claimed that her action

was not preempted because she and all other class members paid their own premiums, and consequently pursuant to 29 C.F.R. § 2510.3-1(j) the group insurance plan was not an employee welfare plan. In the alternative, Hansen argued that California Insurance Code section 790.03 was a statute regulating insurance and fell within the savings clause of ERISA.

The district court remanded the action to state court on the grounds that it lacked subject matter jurisdiction because the group insurance plan was wholly voluntary and not employer supported. The court never decided whether section 790.03 fell within ERISA's savings clause nor did it decide the merits of the class action suit. Defendants filed a timely notice of appeal, but did not seek mandamus relief.

## DISCUSSION

### I. JURISDICTION

#### A. REMOVAL

28 U.S.C. § 1441(a) (1982) allows removal of "any civil action brought in a State court of which the federal courts of the United States have original jurisdiction...." 28 U.S.C. § 1331 (1982) confers original jurisdiction in cases arising under the laws of the United States. Blue Cross removed the action based solely on the existence of a federal question. A cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law. *See, e.g., Gully v. First Nat'l Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

■ Federal preemption is ordinarily a defense that does not confer federal question jurisdiction because it does not appear on the face of the complaint. "One corol-

---

**1.** COBRA is codified at 26 I.R.C. § 162(k) (Supp. V 1987). Section 162(k) allows a deduction as a business expense for payments made by an employer to purchase group health coverage. *See* 26 I.R.C. § 162(i). To qualify for this deduction, the group plan must allow employees to continue coverage if a qualifying event such as termination occurs. *See* I.R.C. § 162(k)(3)(B). Ordinarily, the continuation coverage must extend for at least 18 months after the occurrence of the qualifying event, and the continuation

coverage must provide the identical benefits to continuation coverage beneficiaries as it does to other beneficiaries. I.R.C. § 162(k)(2)(A) & (B). Section 162(i)(3) defines a qualifying group health plan as "any plan of, or contributed to by, an employer to provide medical care (as defined in section 213(d)) to his employees, former employees, or the families of such employees or former employees, directly or through insurance, reimbursement, or otherwise."

lary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987). Within this select group of claims, plaintiffs cannot avoid federal question jurisdiction by artfully pleading only state law claims. "The courts recharacterize the 'artfully-pleaded' complaint as though it had been 'well-pleaded.'" *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 861 (9th Cir. 1987), *cert. denied*, 486 U.S. 1054, 108 S.Ct. 2819, 100 L.Ed.2d 921 (1988). The Supreme Court has held that ERISA provides an exclusive remedy for actions to enforce benefit rights, or to recover benefits under an ERISA plan, and that such suits arise under federal law and are removable to federal court. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52, 56, 107 S.Ct. 1549, 1555, 1557, 95 L.Ed.2d 39 (1987).[2]

Blue Cross claimed that Hansen's complaint was an artfully pleaded state law suit to recover benefits under an ERISA plan. If the group insurance plan was an ERISA plan, the district court had concurrent jurisdiction over Hansen's suit.

## B. REVIEWABILITY OF REMAND ORDERS

■ 28 U.S.C. § 1447(c) provides that a district court shall remand a case "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction...." Remand orders based on the grounds specified in section 1447(c), i.e. that removal was "improvident and without jurisdiction," are immune from appellate review. *See* 28 U.S.C.

§ 1447(d)(1982)[3]; *see also Gravitt v. Southwestern Bell Tel. Co.*, 430 U.S. 723, 723, 97 S.Ct. 1439, 1440, 52 L.Ed.2d 1 (1977) (per curiam).

Section 1447(d) precludes review of a district court's jurisdictional decision even if it was clearly wrong. *See Thermtron Prod., Inc. v. Hermansdorfer*, 423 U.S. 336, 343, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976); *see also FSLIC v. Frumenti Dev. Corp.*, 857 F.2d 665, 667 (9th Cir.1988); *Kunzi v. Pan American World Airways, Inc.*, 833 F.2d 1291, 1293 (9th Cir.1987); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 276 (9th Cir.1984).

■ When a district court's remand order is based on a non-jurisdictional ground, however, section 1447(d) does not bar appellate review. *See, e.g., Thermtron*, 423 U.S. at 351–52, 96 S.Ct. at 593; *Pelleport*, 741 F.2d at 276–77. In *Thermtron*, the district court remanded a properly removed diversity action because of its crowded docket. The Supreme Court held that the district court exceeded its "statutorily defined power" by remanding the case on grounds not specified in the statute, and that a writ of mandate was the appropriate remedy to compel the district court to entertain the properly removed action. *Thermtron*, 423 U.S. at 351, 96 S.Ct. at 593.

In *Pelleport*, we held that a district court's order remanding a case to state court was reviewable on *appeal* as a final collateral order. The plaintiff sought to remand based on two theories: 1) the court lacked subject matter jurisdiction because of the inclusion of Doe defendants; and 2) the parties had entered into a valid forum selection clause mandating that any dispute be litigated in state court. The district court remanded the case after ruling that

2. Although ERISA provides an exclusive remedy to recover benefits under an ERISA plan, state courts have concurrent jurisdiction over suits to enforce benefit rights or to recover benefits. 29 U.S.C. § 1132(e) (1982). Federal courts, however, have exclusive jurisdiction over all claims for breach of fiduciary duty under ERISA plans. *See* 29 U.S.C. §§ 1132(e) & 1132(a)(2).

3. Section 1447(d) states in pertinent part: "[a]n order remanding a case to the State court from

which it is removed is not reviewable on appeal or otherwise...." The Supreme Court has held that section 1447(d) only precludes appellate review when a case is remanded for the reasons stated in section 1447(c). *Thermtron Prod., Inc. v. Hermansdorfer*, 423 U.S. 336, 345–46, 96 S.Ct. 584, 590, 46 L.Ed.2d 542 (1976) ("Section 1447(d) is not dispositive of the reviewability or remand orders in and of itself. That section and § 1447(c) must be construed together....").

the forum selection clause was enforceable. We held that the remand order was reviewable because the district court "reached a substantive decision on the merits *apart from any jurisdictional decision.*" *Pelleport,* 741 F.2d at 276 (emphasis added).

■ Blue Cross argues that the district court's remand order is reviewable under *Pelleport* because the district court made the factual determination that Hansen paid her own premiums and then concluded that Hansen's insurance policy was not covered by ERISA. We disagree. First, Hansen pled in her complaint that she converted her policy under COBRA, and paid her own premiums. The district court did not decide a disputed issue of fact but merely looked to the allegations in Hansen's complaint.

Second, Blue Cross fails to demonstrate how the district court's legal decision was *apart* from the question of subject matter jurisdiction as required to fall within the exception to nonreviewability established by *Thermtron* and its progeny. Because the complaint alleged only state law claims, removal was only proper if there was federal question jurisdiction based on the complete preemption doctrine. Consequently, subject matter jurisdiction existed only if Hansen's group insurance plan was subject to ERISA. The district court's decision that Hansen's plan was not subject to ERISA, rather than being apart from the question of subject matter jurisdiction, was necessary to determine whether such jurisdiction existed.

In deciding whether subject matter jurisdiction exists, a district court will reach legal conclusions concerning the presence of diversity or a federal question. Blue Cross merely disagrees with the legal conclusion that the district court drew; namely that an ERISA plan does not exist because

the employees pay their own premiums. Assuming, without deciding, that such a decision is erroneous,[4] section 1447(d) precludes review of remand orders based on lack of subject matter jurisdiction even when the decision is wrong. *See Gravitt,* 430 U.S. 723, 97 S.Ct. 1439 (reversing *In re Southwestern Bell Tel. Co.,* 535 F.2d 859, 860 (5th Cir.), *aff'd in part and rev'd in part,* 542 F.2d 297 (5th Cir.1976) (en banc), which held a remand order was reviewable because the district court had applied the doctrine of equitable estoppel to prevent a corporation from pleading a citizenship different from an allegation contained in a pleading in an unrelated suit); *see also Frumenti Dev.,* 857 F.2d at 667 (holding that a district court's decision that removal was improper in a case where the FSLIC was a party was not reviewable although the district court ignored a previous Ninth Circuit case in deciding it lacked jurisdiction); *Kunzi,* 833 F.2d at 1294–95 (holding that a remand order in a diversity case with multiple defendants was not reviewable even though the district court relied on an arguably erroneous legal principle that the presence of strictly state law claims against one of the defendants would deprive the court of jurisdiction over the entire case).

Similarly in this case, the district court's decision was not apart from the question of subject matter jurisdiction, but rather was related to it. *See Glasser v. Amalgamated Workers Union Local 88,* 806 F.2d 1539 (11th Cir.1986) (per curiam). In *Glasser,* an employee filed a state law action for wrongful denial of médical benefits, and the union removed the case on the ground that the claims arose under ERISA. *Id.* at 1539. The plaintiffs claimed the federal court lacked jurisdiction because they did not raise any federal claims in their complaint. The district court did not decide the

---

**4.** 29 C.F.R. § 2510.3–1(j) (1988) provides that group insurance plans are not welfare plans if: 1) no contributions are made by the employer; 2) participation in the program is voluntary; 3) the functions of the employer are limited to allowing the insurer to publicize the program and facilitating dues payment by payroll deductions; and 4) the employer receives no consideration in connection with the program. In

*Kanne v. Connecticut General Life Ins. Co.,* 867 F.2d 489, 492 (9th Cir.1988) (per curiam), *cert. denied,* —— U.S. ——, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989), we stated that "[a]n employer has not established an ERISA plan if it merely establishes a group insurance plan that has *none* of the attributes described in [the regulation]." (emphasis added).

preemption issue but remanded after applying the well-pleaded complaint rule and finding that all of plaintiff's claims were state law claims and the federal claims were defenses. The Eleventh Circuit held that the remand order was not reviewable. The parties had argued that our decision in *Pelleport* established that the order was reviewable. The Eleventh Circuit responded:

> It is true that, as in ... *Pelleport*, the decision underlying the remand order involved a conclusion of substantive law. However, unlike in those cases, here the substantive law decision *related* to the question of jurisdiction; the remand order did not affect the substantive rights of the parties.... In particular, the court did not reach the merits of the preemption argument.

*Id.* at 1540 (emphasis added).

■ Blue Cross argues that this remand order, unlike the one in *Glasser*, is reviewable because the district court did not merely rely on the well-pleaded complaint rule, but reached the decision that Hansen's plan was not subject to ERISA and consequently ERISA did not preempt the state law claims. We disagree. The district court did nothing more than evaluate Hansen's complaint in accordance with the well-pleaded complaint rule, and reject Blue Cross' argument that Hansen's complaint was artfully pled. The artful-pleading doctrine is a corollary to the well-pleaded complaint rule, and provides that "[a]lthough the plaintiff is master of his own pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim." *Paige*, 826 F.2d at 860. A district court's decision that a complaint is not artfully pled is a jurisdictional decision related to application of the well-pleaded complaint rule. *See Survival Systems Div. of Whittaker Corp. v. United States District Court*, 825 F.2d 1416, 1418 (9th Cir.1987), *cert. denied*, 484 U.S. 1042, 108 S.Ct. 774, 98 L.Ed.2d 861 (1988) ("In this case, the order of remand did not resolve a matter of substantive law, as in *Pelleport*.... The ruling of the district court was that the state cause of action

alleged in [plaintiff's] complaint was not an artfully pled federal claim that was preempted by federal labor law."). To the extent that *Glasser* may be read to suggest that a remand order based on a determination that a complaint is not artfully pled (i.e. is not preempted by ERISA) would be reviewable under the *Pelleport* doctrine, we disagree. Section 1447(d) clearly insulates remand orders based on lack of jurisdiction from appellate review "by appeal or otherwise."

■ Blue Cross also argues that this remand order should be reviewable because the district court's decision might affect its ability to raise ERISA as a defense to plaintiff's action in state court. Ordinarily, decisions related to the question of whether jurisdiction exists will be relevant only to whether the case is heard in federal or state court. *See generally In re Southwestern Bell Tel. Co.*, 535 F.2d 859, 860 (5th Cir.), *aff'd in part and rev'd in part*, 542 F.2d 297, 298 (5th Cir.1976) (en banc), *rev'd, Gravitt*, 430 U.S. at 723–24, 97 S.Ct. at 1439 (plaintiff sued corporation for a variety of torts, and the corporation's citizenship was only important for purposes of determining whether the suit would proceed in Texas state court or federal district court). The district court's decision on the preemption issue and whether an ERISA plan exists, however, are also substantive issues that could preclude that defense to the state law claims. Consequently, Blue Cross argues that the decision should be reviewable under *Pelleport* because it might affect the substantive rights of the parties if the state court gives res judicata effect to the determination or invokes the doctrine of law of the case.

Other courts have recognized the potential for res judicata problems in this area. *See Glasser*, 806 F.2d at 1540 (holding a remand order unreviewable, as not affecting the substantive rights of the parties because the district court "did not reach the merits of the preemption argument."); *see also In re Life Ins. Co. of North America*, 857 F.2d 1190, 1193 (8th Cir.1988) (holding that a remand order was reviewable when the district court concluded that it

had jurisdiction over three of the claims but remanded a fourth on the ground that it was not preempted by ERISA. The court relied in part on the res judicata effect of the preemption determination inherent in the remand); *but see Survival Systems,* 825 F.2d at 1418 (denying a writ of mandamus when the district court concluded that it had subject matter jurisdiction over some of the plaintiff's claims but remanded one on the ground that it "was not an artfully pled federal claim that was preempted by federal labor law. This did not finally resolve the issue of preemption, which could still be raised as a defense to the state claim in the state court.").

Although we see the potential for a problem, section 1447(d) precludes appellate review when a district court remands a case based on a lack of subject matter jurisdiction. The district court's ultimate conclusion was that it lacked jurisdiction over the entire case, and we need not resolve whether a state court would be required to invoke res judicata to determinations involved in reaching that decision. *See In re Life Ins. Co. of North America,* 857 F.2d at 1193 (" '[W]hen a lower federal court has *jurisdiction over the subject matter* and the parties, its adjudication is the law of the case and its judgment is binding on all other courts, subject only to the appellate process.' " (quoting *Lawrence v. Woods,* 432 F.2d 1072, 1076 (7th Cir.1970), *cert. denied,* 402 U.S. 983, 91 S.Ct. 1658, 29 L.Ed.2d 148 (1971)) (emphasis added). We confine our holding to our lack of appellate jurisdiction.

Finally, Blue Cross relies on a string of cases that held a district court's remand of pendent state claims is reviewable on a petition for writ of mandamus. *See Price v. PSA, Inc.,* 829 F.2d 871, 874 (9th Cir. 1987), *cert. denied,* 486 U.S. 1006, 108 S.Ct. 1732, 100 L.Ed.2d 196 (1988); *see also Paige,* 826 F.2d 857 at 861–62; *Survival Systems,* 825 F.2d at 1418–19. Although a district court has discretion to remand pendent state claims, *see Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 621 n. 11, 98 L.Ed.2d 720 (1988), we have held that remands of pendent state claims are reviewable despite section 1447(d) be-

cause the availability of pendent jurisdiction prevents such orders from being based on a lack of subject matter jurisdiction.

Thus, the pendent claim cases are all distinguishable. In those cases the district courts concluded that they had original jurisdiction over at least one of the claims. The decisions in regard to the pendent claims were discretionary, not jurisdictional. In this case, the district court concluded it lacked subject matter jurisdiction over all the plaintiff's claims. In *Kunzi,* we rejected an argument similar to Blue Cross' stating:

> These cases would only support [Blue Cross'] position if we read them as holding that, where a court *should* have found original jurisdiction existed for at least one of the claims, but did not do so, an ensuing remand could not be based on the "without jurisdiction" grounds of section 1447(c). Such an interpretation, however, would permit review of remands whenever a district court made an erroneous determination that it lacked jurisdiction....

*Kunzi,* 833 F.2d at 1295 n. 8 (emphasis in original).

### CONCLUSION

We dismiss this appeal pursuant to 28 U.S.C. § 1447(d) for lack of jurisdiction.