_____

No. 95-3163
_____

Robert Carney; Sheila Carney,          *
                                       *
                 Appellees,            *
                                       * Appeal from the United States
      v.                               * District Court for the
                                       * Eastern District of Missouri
BIC Corporation,   *                   *
                                       *
                 Appellant.            *

_____

Submitted:  April 10, 1996

Filed:    July 8, 1996
_____

Before McMILLIAN, FAGG and BURNS,* District Judge.
_____

McMILLIAN, Circuit Judge.

     BIC Corporation (BIC) appeals from a final order entered in the
United States District Court[1] for the Eastern District of Missouri
remanding to Missouri state court for want of federal jurisdiction the
products liability action brought by Robert Carney and Sheila Carney,
husband and wife (collectively plaintiffs) against BIC.  Carney v. BIC
Corp., No. 4:95CV417-DJS (E.D. Mo. July 14, 1993) (Order).  For reversal,
BIC argues that the district court erred in holding that it lacked removal
jurisdiction to entertain plaintiffs' action after the stipulated dismissal
of

_____

     *The Honorable James M. Burns, United States
     District Judge for the District of Oregon, sitting
     by designation.

     [1]The Honorable Donald J. Stohr, United States District Judge
for the Eastern District of Missouri.

defendant Clifford Massie, d/b/a/ Massie One Stop (Massie), pursuant to Mo. Rev. Stat. § 537.762.  For the reasons discussed below, we dismiss the appeal pursuant to 28 U.S.C. § 1447(d) for lack of jurisdiction.

## I.  Background

The underlying facts are not in dispute.  Plaintiffs' two-year-old son died on January 30, 1992, because of injuries sustained while attempting to use a butane lighter manufactured by BIC.  On July 28, 1994, plaintiffs filed the present wrongful death and personal injury action in the Circuit Court of the city of St. Louis against BIC and Massie, a commercial retailer who had sold the lighter to plaintiffs.  BIC is incorporated in New York and has its principal place of business in Connecticut.  At the time the present action was commenced, however, plaintiffs and Massie were residents of the State of Missouri.  Therefore, diversity of citizenship did not exist between the parties when plaintiffs filed their complaint against BIC and Massie.

On January 11, 1995, Massie filed a motion seeking dismissal from plaintiffs' complaint pursuant to Mo. Rev. Stat. § 537.762 (1987).[2]  As

[2]Mo. Rev. Stat. § 537.762 provides as follows:

> 537.762.  Motion to dismiss, defendant whose liability is as seller in stream of commerce, requirements, procedure – order of dismissal
>
> 1.   A defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim as provided in this section.
> 2.   This section shall apply to any products liability claim in which another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiffs' claim.
> 3.   A defendant may move for dismissal under this section within the time for filing an answer or other responsive pleading unless permitted by the court at later time shown.
> 4.   The parties shall have sixty days in which to conduct discovery on the issues raised in the motion and affidavit.  The court for good cause shown, may extend the time for discovery, and may enter a protective order pursuant to the rules of civil procedure regarding the scope of discovery on other issues.
> 5.   Any party may move for a hearing on a motion to dismiss under this section.  If the requirements of subsections 2 and 3 of this section are met, and no party comes forward at such hearing with evidence of facts which would render the defendant seeking dismissal under this section liable on some basis other than his status as a seller in the stream of commerce, the court shall dismiss without prejudice the claim as to that defendant.

required by § 537.762(3), Massie's motion to dismiss

**6.   No order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced.   A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes.**
7.   An order of dismissal under this section shall be interlocutory until final disposition of plaintiff's claim by settlement or judgment  and may be set aside for good cause shown at anytime prior to such disposition.

Mo. Rev. Stat. § 537.762 (1987) (emphasis added).

-4-

was accompanied by an affidavit stating that he was aware of no facts or circumstances supporting his liability other than his status as a seller in the stream of commerce. On February 23, 1995, plaintiffs and Massie entered into a stipulation of dismissal, which provided that Massie "shall remain a party to this action only for the purposes of venue and jurisdiction as provided in. . . § 537.762(6) (1987)." App. 71.

On March 3, 1995, BIC removed the present case to the United States District Court for the Eastern District of Missouri, alleging that the stipulated dismissal of Massie had created diversity of citizenship between the parties. Upon motion by plaintiffs, the district court entered an order remanding the case to the Circuit Court of the City of St. Louis on July 14, 1995. This appeal followed.[3]

## II. Discussion

The district court determined that a remand order was appropriate in the present case because the dismissal of Massie did not create removal jurisdiction based upon the diversity of the parties. In reaching this conclusion, the district court noted that the stipulation of dismissal expressly stated that Massie would remain a party to the action for the purpose of venue and jurisdiction, in accordance with § 537.762(6). The district court also held that § 537.762 was not, as BIC argued, an "impermissible attempt by state law to defeat removal jurisdiction." Slip op. at 2.

On appeal, BIC contends that the district court erred in remanding the present action to Missouri state court, because (1) § 537.762 does not apply where a co-defendant is dismissed by stipulation rather than by order and (2) § 537.762 was never intended to affect federal diversity jurisdiction, or alternatively, the statute is invalid to the extent that it limits diversity jurisdiction. We may not address the merits, however, unless we determine that we have jurisdiction to review the district court's remand order. Title 28 U.S.C. § 1447(d) provides that, with the exception of civil rights case, "[a]n order

---

[3]BIC also filed a petition for writ of mandamus on August 21, 1995. This court denied the petition on November 2, 1995.

remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." In <u>Thermtron Products, Inc. v. Hermansdorfer</u>, 423 U.S. 336, 346 (1976) (<u>Thermtron</u>), the Supreme Court clarified that "only remand orders issued under § 1447(c)[4] and invoking the grounds specified therein . . . are immune from review under § 1447(d)". <u>Id.</u> In <u>Thermtron</u>, the district court had remanded an otherwise proper diversity action solely because of its crowded docket. Concluding that the district court had exceeded its statutorily defined power by remanding the case on a basis not specified in § 1447(c), the Supreme Court held that a writ of mandamus was the appropriate remedy to compel the district court to entertain the action. <u>Id.</u> at 352-53.

BIC contends that the present case falls within the <u>Thermtron</u> exception because the district court's remand order was not based upon a ground specified in 28 U.S.C. § 1447(c) -- i.e., the lack of subject matter jurisdiction -- but rather, was premised upon Mo. Rev. Stat. § 537.762(6), which provides that retailers who have been dismissed from products liability actions on the basis that their liability stems solely from their status as sellers in the stream of commerce shall remain defendants for purposes of venue and jurisdiction. In addition to <u>Thermtron</u>, BIC relies on <u>Karl Koch Erecting Co. v. New York Convention Center Dev. Corp.</u>, 838 F.2d 656, 658-59 (2d Cir. 1988) (<u>Karl Koch</u>). In <u>Karl Koch</u>, the Second Circuit held that a remand order based on the district court's interpretation of a forum selection clause was reviewable because the district court had gone beyond the jurisdictional determination and made a decision affecting the merits of the case. <u>See</u> <u>id.</u> (reasoning that the policy underlying 28 U.S.C. § 1447(d)

_____

[4]28 U.S.C. § 1447(c) currently provides in pertinent part: "If at any time it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." At the time the Supreme Court decided <u>Thermtron</u>, however, § 1447(c) stated that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case."

-7-

-- preventing protracted litigation of jurisdictional questions -- was inapplicable to remand orders based upon interpretation of forum selection clause); see also Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 277 (9th Cir. 1984) (holding that remand order based on enforceability of forum selection clause was reviewable).

In response, plaintiffs argue that 28 U.S.C. § 1447(d) forecloses review of the remand order, because the order was based upon the district court's determination that, in light of Mo. Rev. Stat. § 537.762(6), it lacked removal jurisdiction to entertain plaintiffs' action. Plaintiffs also maintain that the present case more closely resembles Hansen v. Blue Cross, 891 F.2d 1384, 1388 (9th Cir. 1989) (Hansen), than Karl Koch. In Hansen, the Ninth Circuit held unreviewable a remand order based upon the district court's determination that the insurance plan at issue was not subject to ERISA. Id. The Ninth Circuit reasoned that the remand order did not fall within the Thermtron exception because "[t]he district court's decision that Hansen's plan was not subject to ERISA, rather than being apart from the question of subject matter jurisdiction, was necessary to determine whether such jurisdiction existed." Id. Plaintiffs argue that the reasoning of Hansen also applies in the present case. We agree and hold that the district court's remand order is not reviewable on appeal.

We are bound by the general rule of non-reviewability of remand orders set forth in 28 U.S.C. § 1447(d). The remand order in the present case does not come within the Thermtron exception, because it was based on a ground specified in 28 U.S.C. § 1447(c) -- the district court's determination that it lacked subject matter jurisdiction to hear the action. After noting that the stipulated dismissal provided that, in accordance with Mo. Rev. Stat. § 537.762(6), Massie would remain a party in the action for purposes of venue and jurisdiction, the district court concluded that the dismissal of Massie did not create removal jurisdiction

based upon diversity of citizenship and remanded the present case to Missouri state court.  Thus, the remand order was based solely upon the district court's conclusion that removal jurisdiction did not exist. Although the district court applied Mo. Rev. Stat. § 537.762(6) in reaching this conclusion, its consideration of § 537.762(6) was in no way separate from the jurisdictional determination.  Therefore, the present case is distinguishable from Karl Koch, in which the remand order at issue was based upon a matter affecting the merits of the case.  By contrast, the district court in the present case made no determinations concerning the substantive rights of the parties.  Thus, the remand order falls squarely within 28 U.S.C. § 1447(d) and is foreclosed from appellate review.

### III.  Conclusion

We hold that the district court's order remanding the present case to the Circuit Court of the City of St. Louis is unreviewable on appeal.[5] Accordingly, we dismiss the appeal pursuant to 28 U.S.C. § 1447(d) for lack of jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[5]Thus, we do not reach the merits of BIC's challenge to the remand order.