**Laurie LYONS, Plaintiff–Appellee,**

v.

**ALASKA TEAMSTERS EMPLOYER SERVICE CORPORATION; Gerald Hood, Defendants–Appellants.**

**No. 98–35116.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 4, 1999.

Decided Aug. 31, 1999.

Ronald L. Bliss, Bliss & Wilkens, Anchorage, Alaska, for the defendants-appellants.

Martin A. Farrell, Jr., Anchorage, Alaska, for the plaintiff-appellee.

Before: HUG, Chief Judge, TROTT and A. TASHIMA, Circuit Judges.

HUG, Chief Judge:

At issue in this appeal is whether 28 U.S.C. § 1447(d), which provides that an order remanding a case to state court for lack of subject matter jurisdiction is unreviewable on appeal, bars our review of the district court's remand based on a finding that the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461, did not completely preempt the plaintiff's state law claims. We hold that § 1447(d) bars our review and there-

fore, DISMISS the appeal for lack of jurisdiction.

## I. Factual and Procedural Background

■ Laurie Lyons filed claims in Alaska state court asserting that she was wrongfully terminated from her employer, the Alaska Teamsters Employer Services Corporation ("ATESC"), a wholly owned subsidiary of the Alaska Teamster–Employer Pension Trust responsible for administering the pension and welfare plan under ERISA. ATESC removed Lyons' state case to federal district court pursuant to 28 U.S.C. §§ 1441 & 1446, arguing that Lyons' state law claims were completely preempted by ERISA. *See* 29 U.S.C. § 1144(a). The district court concluded that Lyons' claims were not preempted by ERISA, and therefore removal was improper because there was no federal subject matter jurisdiction. Accordingly, the district court remanded the case to state court. ATESC appeals both the district court's preemption determination and the remand order. Lyons argues that the decision below was based solely on lack of subject matter jurisdiction; therefore, the district court's remand is unreviewable under § 1447(d). We review questions of subject matter jurisdiction de novo. *Geweke Ford v. St. Joseph's Omni Preferred Care Inc.*, 130 F.3d 1355, 1357 (9th Cir. 1997).

## II. Discussion

■ Upon removal, the district court must first determine whether the federal court has subject matter jurisdiction. A federal court has removal jurisdiction if the plaintiff's claims are either exclusively federal or there is a separate and independent federal question. 28 U.S.C. § 1441. In order for a defendant to remove, the federal claims must appear on the face of plaintiff's well-pleaded complaint. *Tingey v. Pixley–Richards West, Inc.*, 953 F.2d 1124, 1129 (9th Cir.1992). However, in an ERISA case where the basis of removal is

**1172**

defendant's claim of preemption, the federal court has jurisdiction under the theory of complete preemption which is distinct from ordinary preemption. *Holman v. Laulo–Rowe Agency,* 994 F.2d 666, 668 (9th Cir.1993); *See also* 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3722.1 (3d ed.1998). The complete preemption doctrine applies when the class of claims by plaintiff is so necessarily federal that removal is always permitted, even if the federal issue is raised as a defense and does not appear on the face of plaintiff's well-pleaded complaint. *Holman,* 994 F.2d at 668 (recognizing that the doctrine of complete preemption does not have wide applicability because it serves as an "exception to the 'well-pleaded complaint rule' which makes the plaintiff the master of his or her complaint"). The Supreme Court extended the complete preemption doctrine to ERISA in *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 66–67, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

■ Thus, in order to determine if federal jurisdiction is present and removal appropriate, the district court must consider whether the preemption defense is available. If the district court determines that ERISA preemption does not apply, jurisdiction is lacking. If jurisdiction is lacking, removal is improper and the case should be remanded. *Geweke Ford,* 130 F.3d at 1358.

■ An order remanding a case to the state court from which it was removed for lack of subject matter jurisdiction is not reviewable on appeal. 28 U.S.C. § 1447(d); *Thermtron Prod., Inc. v. Hermansdorfer,* 423 U.S. 336, 342–43, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); *Hansen v.*

*Blue Cross,* 891 F.2d 1384, 1387 (9th Cir. 1989). However, there is a narrow exception to this general bar on appellate review where a remand order is based on a substantive determination on the merits apart from any jurisdictional decision. *Clorox Co. v. United States Dist. Court,* 779 F.2d 517, 520 (9th Cir.1985); *Pelleport Inv., Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273, 276–78 (9th Cir.1984). If there is a substantive conclusion apart from a jurisdictional determination, the district court's order is reviewed as a final collateral order. *Pelleport,* 741 F.2d at 276. Once the reviewing court determines that a remand order is based upon lack of jurisdiction, the only remaining question is whether in the process of making the jurisdictional determination, a substantive law determination was made, apart from the jurisdictional question, that would bring the case within the *Clorox/Pelleport* exception. *Whitman v. Raley's Inc.,* 886 F.2d 1177, 1180 (9th Cir.1989).

■ In an ERISA case, in which the ground for removal is complete preemption, determining jurisdiction will necessarily involve analyzing whether there is preemption of the plaintiff's claims. However, the preemption determination made for purposes of determining jurisdiction has no bearing on whether the defendant can actually establish a substantive preemption defense. *Whitman,* 886 F.2d at 1181; *Holman,* 994 F.2d at 669 (holding that the jurisdictional issue of whether complete preemption exists is very different from the substantive inquiry of whether a "preemption defense" may be established).[1]

---

1. *See also* 14 B Wright and Miller § 3722.1 at 516 noting that "several circuits have held that a determination that a particular claim has not been completely preempted by ERISA for subject matter jurisdiction purposes, which leads to a remand of the action to state court, has no preclusive effect on the state court's consideration of the merits of a substantive preemption defense based on ERISA." Citing *Gonzalez–Garcia v. William-*

*son Dickie Mfg., Co.,* 99 F.3d 490, 492 (1st Cir.1996); *Nutter v. Monongahela Power Co.,* 4 F.3d 319, 321–22 (4th Cir.1993); *See also, Baldridge v. Kentucky–Ohio Transp. Inc.,* 983 F.2d 1341, 1345–46 (6th Cir.1993)(en banc); *Soley v. First Nat'l Bank of Commerce,* 923 F.2d 406, 409 (5th Cir.1991); *Glasser v. Amalgamated Workers Union,* 806 F.2d 1539, 1540 (11th Cir.1986).

In *Whitman*, the plaintiff filed various tort claims in state court, and the defendant removed the action to federal court contending that the state law causes of action were preempted by ERISA. 886 F.2d at 1179. The district court concluded that jurisdiction was lacking because there was not complete preemption and remanded the case to the state court in which it was filed. *Id.* On appeal, we held that the issue of whether complete preemption exists under ERISA is a jurisdictional determination centering on whether Congress, by enacting ERISA, intended to "make the cause of action a federal cause of action and removable despite the fact that plaintiff's complaint identifies only state law claims." *Id.* at 1181.

It is well settled in this circuit that a district court's decision that plaintiff's claims are not subject to ERISA preemption, "rather than being apart from the question of subject matter jurisdiction, [is] necessary to determine whether such jurisdiction exist[s]." *Hansen*, 891 F.2d at 1388. In deciding whether subject matter jurisdiction exists, the district court is required to reach certain substantive legal conclusions, but because these conclusions are not apart from the question of subject matter jurisdiction, but rather related to it, the *Clorox/Pelleport* exception does not apply. *Hansen*, 891 F.2d at 1388–89. As *Whitman* and *Hansen* make clear, the question of whether the substantive defense can be established cannot be made if the district court does not have jurisdiction. Rather, the substantive defense of preemption is a decision for the court with jurisdiction. *Whitman*, 886 F.2d at 1181; *Hansen*, 891 F.2d at 1388–89.

■ In this case, the district court engaged in a preemption analysis under ERISA for the purpose of determining jurisdiction. The inquiry made by the district court may have gone farther than necessary for discovering whether complete preemption was present, but it was nonetheless conducted in order to determine whether jurisdiction could be established. The ultimate holding of the district court was that federal jurisdiction was absent. Therefore, we conclude that the district court's remand does not fall into the *Clorox/Pelleport* exception because the remand, while it considers the merits of the preemption defense, is not apart from the jurisdictional determination. Moreover, any consideration of the merits of the preemption defense was in the context of determining jurisdiction.

ATESC argues that our decision in *Meadows v. Employers Health Ins.*, 47 F.3d 1006 (9th Cir.1995) should control this case. However, *Meadows* differs from the case before us. In *Meadows*, the district court appears to have asserted federal jurisdiction, though it is never explicitly stated, in order to reach the merits of the preemption defense. *Meadows v. Employers Health Ins.*, 826 F.Supp. 1225, 1234 (D.Ariz.1993). Once the district court made its substantive determination regarding the lack of ERISA preemption, the district court remanded plaintiff's state law claims to state court. *Id.* at 1234. However, the district court did not provide specific reasons for remanding the plaintiff's state law claims. "In instances of ambiguity, this circuit looks to the substance of the order" to determine whether it was issued based upon lack of jurisdiction. *Executive Software N. Am., Inc. v. United States Dist. Court*, 24 F.3d 1545, 1549 (9th Cir.1994). When the district court appears to have asserted jurisdiction, the possibility that the remand order was issued pursuant to § 1447(c) for lack of jurisdiction is removed. *Id.* citing *Kunzi v. Pan Am. World Airways, Inc.*, 833 F.2d 1291, 1295 (9th Cir.1987); See also, *Lee v. City of Beaumont*, 12 F.3d 933, 935 (9th Cir.1993) (holding that a district court's "discretionary remand of pendent state claims is a reviewable order"); *Hansen*, 891 F.2d at 1387 (citing *Thermtron*, 423 U.S. at 351–52, 96 S.Ct. 584 and *Pelleport*, 741 F.2d at 276–77). On appeal, the remand order was reviewed because it was clear that the remand was not based on lack of jurisdiction, thus the bar to appellate review found in § 1447(d) was inappli-

**1174**

cable. *Meadows v. Employers HealthInsurance,* 47 F.3d 1006 (9th Cir.1995).

In the case now before us, there is no ambiguity surrounding the basis of the district court's remand order. The district court framed its entire discussion of ERISA preemption in terms of jurisdiction and ultimately found jurisdiction lacking. Because we conclude that the remand in this case was based on lack of jurisdiction under § 1447(c), our decision in *Meadows* does not control.

### III. Conclusion

Because the district court's ultimate decision was that it lacked jurisdiction, and any substantive preemption analysis was part of the jurisdictional determination, this court lacks jurisdiction to review the remand order pursuant to 28 U.S.C. § 1447(d). In dismissing this case, we express no opinion on the merits of ATESC's preemption defense. As we recognized in *Whitman,* that is a question for the court with jurisdiction over Lyons' claims. 886 F.2d at 1181.

Accordingly, the appeal is DISMISSED.