Randall C. DAHL; Ron Jorgensen; Kenneth Wierzbicki; Neville Hill; Erik Thomas; Eric R. Metzler; John Norton; Darrel Schexnider; and John R. Schley, Plaintiffs–Appellees,

v.

David A. ROSENFELD, Esq., Van Bourg, Weinberg, Roger & Rosenfeld, a Professional Corporation, and Does 1–10, Defendants–Appellants.

No. 01–16919.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Filed Jan. 23, 2003.

David A. Rosenfeld, Van Bourg, Weinberg, Roger & Rosenfeld, Oakland, CA, pro se, for the defendants-appellants.

Patrick J. Waltz, Waltz Law Firm, Sacramento, CA, for the plaintiffs-appellees.

Before HAWKINS, GRABER, and TALLMAN, Circuit Judges.

## OPINION

TALLMAN, Circuit Judge.

Appellees Randall Dahl and his co-workers ("Dahl") filed a complaint in California Superior Court alleging that Appellants David Rosenfeld and his law firm ("law firm") committed legal malpractice by not adequately enforcing a provision of a collective bargaining agreement ("CBA"). The law firm removed the case to federal court. The district court remanded the matter to California Superior Court and awarded the plaintiffs attorneys' fees. The law firm appealed. We lack jurisdiction to review the district court's remand order, but we have jurisdiction to review the district court's award of attorneys' fees. We find that the district court abused its discretion in awarding attorneys' fees to Dahl.

Dahl and his co-workers were employed by J & R Distribution ("J & R"), located in San Joaquin County, California. Dahl claims that J & R breached the CBA by transferring work to other entities over which J & R had control. According to Dahl, the transfer resulted in a loss of work and, eventually, layoffs. Dahl's union, Teamster's Local 70, retained Rosenfeld's law firm to protect the employees' rights under the CBA. Dahl alleges that the law firm mishandled the grievance and, as a result, the Union took no action to remedy the employer's breach of their labor contract.

Dahl brought a malpractice action against the law firm in California Superior Court. The law firm removed this action to federal district court claiming jurisdiction under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Dahl filed a motion challenging the basis of the law firm's removal. The magistrate judge issued findings and recommendations, concluding that there was no basis for federal jurisdiction[1] and that remand to the California Superior Court was therefore required. The magistrate judge also recommended that Dahl be awarded attorneys' fees. The law firm filed objections to the magistrate judge's recommendations, but the district court adopted them. The law firm appealed.

I

Upon removal, the district court must determine whether it has subject matter jurisdiction and, if not, it must remand. *Lyons v. Alaska Teamsters Employer Serv. Corp.*, 188 F.3d 1170, 1171 (9th Cir.1999). Generally, removal to federal court requires that a federal claim appear on the face of the plaintiff's "well-pleaded complaint." *Balcorta v. Twentieth*

---

1. The court expressed "no opinion on the merits of plaintiffs' claims."

*Century–Fox Film Corp.,* 208 F.3d 1102, 1106 (9th Cir.2000) (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)); *Lyons,* 188 F.3d at 1171. "[I]t is 'settled law that a case may not be removed to federal court on the basis of a federal defense, including a defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.' " *Balcorta,* 208 F.3d at 1106, (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

■ There is, however, an exception to the general "well-pleaded complaint rule"—the "complete preemption doctrine." Complete preemption acknowledges that "the preemptive force of some statutes is so strong that they 'completely preempt' an area of state law." *Id.* at 1107. When the doctrine of complete preemption applies, any claim based on the preempted state law is considered to arise under federal law. *Id.* The complete preemption exception applies to claims falling within § 301 of the LMRA. *Id.* A state law claim is completely preempted by the LMRA when it "necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." *Cramer v. Consol. Freightways Inc.,* 255 F.3d 683, 693 (9th Cir.2001) (en banc), *cert. denied,* 534 U.S. 1078, 122 S.Ct. 806, 151 L.Ed.2d 692 (2002). When the district court engages in a preemption analysis but determines that federal jurisdiction is absent, its order remanding the case to state court for lack of subject matter jurisdiction

is unreviewable on appeal. 28 U.S.C. § 1447(d); *Lyons,* 188 F.3d at 1173–74.

■ Even when appellate jurisdiction is precluded by 28 U.S.C. § 1447(d), however, we still have jurisdiction to review the district court's award of attorneys' fees pursuant to 28 U.S.C. § 1447(c). *Balcorta,* 208 F.3d at 1105. We review an award of attorneys' fees for an abuse of discretion and will overturn the district court's decision only if it is based on clearly erroneous findings of fact or erroneous determinations of law. *Id.* In order to determine whether a decision was erroneous, we must undertake "a de novo examination of whether the remand order was legally correct." *Id.* at 1106.

## II

The validity of the district court's fee award turns on whether the district court correctly determined that it lacked jurisdiction over Dahl's claims. Therefore, we consider first whether Dahl's claims are preempted by § 301.[2]

■ Section 301 provides a federal forum for suits arising from contract disputes between an employer and a labor organization representing employees. 29 U.S.C. § 185(a). Our recent decision in *Cramer* clarified the analytical framework of § 301 preemption. In *Cramer,* we said that a state law claim is preempted by federal labor law if the claim "necessarily requires the court to interpret an existing provision of a CBA." 255 F.3d at 693. "If the plaintiff's claim cannot be resolved without interpreting the applicable CBA—as, for example . . . where the suit involve[s] an employer's alleged failure to comport with its contractually established

---

**2.** Because we do not have jurisdiction, we cannot reach the question whether the firm enjoys immunity from personal liability for acts undertaken as union representatives.

*See Peterson v. Kennedy,* 771 F.2d 1244, 1256 (9th Cir.1985). That question will remain for the state court to decide.

duties—it is preempted." *Id.* at 691. But, if a claim "may be litigated without reference to the rights and duties established in a CBA," it is not preempted. *Id.* "The plaintiff's claim is the touchstone for [the] analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim." *Id.*

 The heart of Dahl's complaint is that the law firm mishandled Dahl's grievance and that, as a result, the Union took no action to remedy his employer's breach of the CBA. Dahl alleges that his former employer, Joseph Jennaro, ("Jennaro") formed and incorporated another business to which he diverted work performed by Union members in violation of the CBA. Paragraph 20 of Dahl's complaint states that this action arises from the law firm's failure to represent and enforce a provision of the CBA prohibiting the transfer of work to non-Union workers.[3] The parties disagree about what conduct triggers the CBA's transfer-of-work provision. Dahl claims that Jennaro's ownership interest in the newly created business satisfied the terms of the agreement notwithstanding the fact that Jennaro did not participate in the day-to-day operations of the new business. According to Dahl's complaint, the law firm investigated the claim on behalf of the Union and concluded that any legal action would be unsuccessful because Dahl could not prove that Jennaro had an ownership interest in, or day-to-day control over, the new business, facts that the law firm thought necessary in order to fall within the provision contained in the CBA.

The resolution of Dahl's claims depends on the scope of the CBA's prohibition on the transfer of work to non-Union businesses and on an analysis of whether Jennaro's actions were sufficient to trigger a breach of the agreement. If the CBA does not prohibit Jennaro's actions, then Dahl's claims are invalid. Because Dahl's claims necessarily require the court to interpret a provision of the CBA in order to resolve Dahl's claims, Dahl's claim is preempted by § 301. *See Cramer,* 255 F.3d at 693.

*Cramer* supports our conclusion, even though the outcome of that decision differs from the one we reach here. In *Cramer* we held that the plaintiffs' state law privacy claim was not preempted because the state law claim at issue in that case was neither "founded directly upon rights conferred in the CBA nor 'substantially dependent upon' interpretation of the CBA terms." *Id.* at 694 (quoting *Caterpillar,* 482 U.S. at 394, 107 S.Ct. 2425). Because the privacy claims at issue in *Cramer* were "not even arguably covered by the [CBA]," we held that they were "independent" and not preempted. *Id.* at 688. In contrast, Dahl's claims are substantially dependent on the interpretation of the CBA's provision prohibiting the transfer of work to a non-union business. Dahl's claims are, therefore, preempted.

---

3. The provision of the CBA at issue states:

To protect and preserve for the employees covered by this Agreement, all work they have performed and all work covered by this Agreement and to prevent any device or intention to avoid the protection and preservation of such work, it is agreed as follows:

If the Company performs any work covered by this Agreement either under its own name or the name of another company or entity where it has any investment the terms of this Agreement shall apply. This shall be interpreted to apply where any equipment is leased, loaned or otherwise transferred to any entity that would use such equipment to perform similar services that the Company is performing. Sales of equipment are excluded from this provision. The term "Company" is to include any shareholder and owners. This work as described would be limited to Northern California.

We reject Dahl's argument that our decision in *Aragon v. Federated Dep't Stores, Inc.*, 750 F.2d 1447 (9th Cir.1985), compels a holding that federal law cannot preempt any state malpractice claim against union counsel. In *Aragon*, a union employee brought an action for alleged malpractice against her former employer for breach of the CBA, against her union for breach of the duty of fair representation, and against the union's attorney who represented her individually. We held that the district court had no jurisdiction over the malpractice claim, which should have been remanded to state court. *Id.* at 1458. But, unlike Dahl's claims, the state malpractice claim in *Aragon* sought no contractual remedy under the CBA, nor did it require the court to interpret an existing provision of the CBA. *Id.* at 1457. *Aragon* does not preclude federal preemption of state law claims alleging professional malpractice if the resolution of the claim requires the court to interpret the CBA.

Because Dahl's claims require the court to interpret the terms of the CBA, we conclude the claims are preempted and that the district court was wrong to remand the case.

### III

Although we have no power to reverse the remand decision, we can nonetheless consider the district court's award of attorneys' fees.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). We review an award of fees and costs associated with removal or remand under 28 U.S.C. § 1447(c) for an abuse of discretion. *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 861 (9th Cir. 2001). Because we conclude that the district court erred as a matter of law in holding that § 301 of the LMRA did not completely preempt Dahl's claims, we hold that the district court abused its discretion in awarding attorneys' fees to Dahl.

Title 28 U.S.C. § 1447(d) deprives us of jurisdiction to review the district court's remand order, and we leave it undisturbed. We do have jurisdiction to review the propriety of the attorneys' fee award. We hold that the district court abused its discretion in awarding attorneys' fees to Dahl, as a result of its erroneous remand. Accordingly, we vacate and reverse only that part of the district court's order awarding fees and costs to plaintiffs-appellees.

REVERSED IN PART AND REMANDED. Costs are awarded to appellants.