**ULTIMATE CREATIONS, INC., an Arizona corporation; et al., Plaintiffs–Appellees,**

v.

**Vincent K. McMAHON, husband; et al., Defendants–Appellants.**

No. 06–17091.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2008.

Filed Nov. 17, 2008.

Daniel D. Mayanrd, Phoenix, AZ, for Plaintiffs–Appellees.

---

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Amy L. Barrette, Esquire, Jerry S. McDevitt, Esquire, Nicholas Ranjan, Esquire, Curtis B. Krasik, Esquire, K & L Gates, LLP, Pittsburg, PA, John T. Gilbert, Esquire, Alvarez & Gilbert, Phoenix, AZ, for Defendants–Appellants.

Before: BRUNETTI, ROTH *, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Defendants appeal the district court's order remanding counts one and four of plaintiffs' complaint to state court. We affirm.

We have jurisdiction over this appeal. Our review of the remand order is not barred by 28 U.S.C. § 1447(d). There is an exception to the bar under that statute if the remand order is not based on defective removal or lack of subject matter jurisdiction at the time of removal. *See Reddam v. KPMG LLP,* 457 F.3d 1054, 1058 (9th Cir.2006). The present remand order was based on a resolution on the merits of a matter of substantive law, and is therefore appealable, under 28 U.S.C. § 1291, as a collaterally final order. *See Lyons v. Alaska Teamsters Employer Service Corp.,* 188 F.3d 1170, 1172 (9th Cir. 1999)

The premise of the district court's remand order was that the settlement agreement entered into and put on the record in state court, specifically the portion of the stipulated order of dismissal which provided that the state court would retain jurisdiction over future disputes that might arise regarding the settlement agreement, amounted to an agreement to place exclusive jurisdiction over such disputes in the state court. We have held that "[t]he context of the retention of jurisdiction ... [may imply] that the retention was meant to be exclusive." *Flanagan v. Arnaiz,* 143 F.3d 540, 545 (9th Cir.1998). We agree with the district court that the retention of jurisdiction in this case, viewed in context, implied exclusive jurisdiction in state court.

Defendants argued that the jurisdiction provision was intended merely to establish personal jurisdiction of the state court over the non-Arizona defendants. It seems clear, however, that the Arizona court would have had jurisdiction over the defendants for this claim even without that term, so it is more logically read to stand for something more. The intent of the parties to place exclusive jurisdiction in the state court was confirmed by the settlement drafts exchanged between them. Although a final signed agreement was never entered into, drafts proposed by both sides provided that the Arizona court would be the "sole forum in which any such disputes may be heard." It is logical to infer that was the understanding the parties agreed to in the stipulated order of dismissal.

Since defendants stipulated to the state court's exclusive jurisdiction of the specified claims, their argument that the state court does not have the power to restrict or preempt federal jurisdiction misses the point. The exclusive jurisdiction resulted from defendants' own agreement, not from an order by the state court, and nothing in

---

* The Honorable Jane R. Roth, United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the U.S. Constitution prevents defendants from entering into such an agreement.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.