929 F.2d 599
 Jesus E. CALDERON, as Personal Representative of the Estate
of Elvia Mercedes Calderon, Deceased and on behalf of Jesus
E. Calderon, Claudia Elena Calderon and Luis Alfonso
Calderon, Plaintiffs-Appellees,
v.
AEROVIAS NACIONALES de COLOMBIA, Avianca, Inc., Commodore
Aviation, Inc., Defendants-Appellants.
 No. 90-5560.
 United States Court of Appeals,
Eleventh Circuit.
 April 19, 1991.
 
 Michael K. McLemore, Miami, Fla., Michael J. Holland, George N. Tompkins, Jr., Condon & Forsyth, New York City, for defendants-appellants.
 Kevin A. Malone, Krupnick, Campbell, Malone & Roselli, Fort Lauderdale, Fla., for plaintiffs-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before JOHNSON and BIRCH, Circuit Judges, and MERHIGE*, Senior District Judge.
 BIRCH, Circuit Judge:
 
 
 1
 Appellants Avianca, Inc., Commodore Aviation, Inc. and Aerovias Nacionales de Colombia, S.A. ("Defendants") appeal from an order of the United States District Court for the Southern District of Florida ("the district court") remanding this case back to state court because of lack of subject matter jurisdiction. 738 F.Supp. 485. A district court order remanding a case to the state court from which it was removed generally is not appealable. Appellants contend that the presumptive effect of a treaty, the Warsaw Convention[1], dictates a different result. We disagree and find that we lack jurisdiction to consider this challenge.
 
 I. BACKGROUND
 
 2
 On January 25, 1990, an Avianca Boeing 707 aircraft operating as Flight 052, en route from Colombia to New York, crashed near Cove Neck, New York. Casualties included 65 passengers killed and 84 passengers injured. Numerous wrongful death and personal injury actions were brought against Defendants. The Judicial Panel on Multidistrict Litigation
 
 
 3
 transferred all of these actions pending in federal courts to Chief Judge Thomas C. Platt of the United States District Court for the Eastern District of New York for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. Sec. 1407.
 
 
 4
 The present action initially was filed in the Circuit Court of the Eleventh Judicial Circuit for Dade County, Florida ("the state court"). These plaintiffs ("Plaintiffs") sought relief under the Florida wrongful death statute, and deliberately did not allege any federal causes of action. Defendants removed the action to the district court pursuant to 28 U.S.C. Sec. 1441,[2] claiming that because this wrongful death action arose out of "international transportation" as defined by the Warsaw Convention, the district court possessed federal question jurisdiction.
 
 
 5
 After removal was accomplished, Plaintiffs filed an emergency motion for remand. In their initial complaint, Plaintiffs alleged only state law causes of action and did not invoke any federal law, treaty or statute. Accordingly, Plaintiffs contended that federal question jurisdiction did not exist. Defendants opposed this motion, arguing that the Warsaw Convention creates Plaintiffs' exclusive cause of action, thereby preempting Plaintiffs' state law claims and establishing federal question jurisdiction. Holding that the Warsaw Convention provides only an exclusive remedy, not an exclusive cause of action, the district court rejected Defendants' arguments and granted Plaintiffs' motion to remand. The case was remanded for further proceedings in the state court.
 
 
 6
 Defendants subsequently filed a petition for writ of mandamus, requesting that this court direct the district court to vacate its remand order and reinstate the action. In this petition, Defendants again argued that the Warsaw Convention provided the exclusive cause of action for damages arising out of international air transportation, and established federal question jurisdiction. Defendants' petition was denied.
 
 
 7
 Before the denial of their petition for writ of mandamus, Defendants filed with this court a notice of appeal, seeking substantive review of the district court's order of remand. In response, we requested that the parties address whether the district court's order of remand was appealable. By subsequent order, we directed that this jurisdictional issue be carried with the case. It is this issue which we now address.
 
 II. DISCUSSION
 
 8
 Congress has established that a case removed from state to federal court may be remanded back to state court "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction." 28 U.S.C. Sec. 1447(c). Congress has provided further that appellate courts generally may not review district court remand orders, stating that:
 
 
 9
 [a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of [Title 28 of the United States Code] shall be reviewable by appeal or otherwise.[3]
 
 
 10
 28 U.S.C. Sec. 1447(d). This statute prohibits all review of remand orders, even if the district court's decision to remand was clearly erroneous. See Gravitt v. Southwestern Bell Telephone Co., 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977).
 
 
 11
 In Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), the Supreme Court created an exception to the rule prohibiting appeals of remand orders. The Court held that "only remand orders issued under Sec. 1447(c) and invoking the grounds specified therein--that removal was improvident and without jurisdiction--are immune from review under Sec. 1447(d)." 423 U.S. at 346, 96 S.Ct. at 590. Thus, in that case, the district court's decision to remand because the state court docket was less crowded than the district court's docket, despite the presence of subject matter jurisdiction, was subject to review. This limited exception is not applicable to the facts of this case. Here, the district court's order to remand Defendants' case was based on its lack of subject matter jurisdiction, one of the grounds specifically set forth in section 1447(c). See Armstrong v. Alabama Power Co., 667 F.2d 1385, 1387 n.3 (11th Cir.1982).
 
 
 12
 In Waco v. United States Fidelity & Guaranty Co., 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244 (1934), the Supreme Court held that parties may appeal an order dismissing a claim that precedes an order of remand. The Court emphasized, however, that the remand order itself was not appealable. If the court of appeals found the dismissal to be erroneous, that court could "not affect the order of remand, but [could] ... remit the entire controversy ... to the state court for such further proceedings as may be in accordance with the law." 293 U.S. at 143-144, 55 S.Ct. at 7. See also Armstrong, 667 F.2d at 1387. Other circuits have expanded the holding in Waco to apply to preliminary (i.e., made prior to the order of remand) determinations of the validity of forum selection clauses, see, e.g., Regis Associates v. Rank Hotels, Ltd., 894 F.2d 193 (6th Cir.1990), Karl Koch Erecting Co. v. New York Convention Center Dev. Corp., 838 F.2d 656 (2d Cir.1988), Pelleport Investors v. Budco Quality Theatres, 741 F.2d 273 (9th Cir.1984), and the validity of a contractual waiver of the right to remove a case to federal court. See, e.g., Clorox v. United States Dist. Court for N. Dist. of California, 779 F.2d 517 (9th Cir.1985).
 
 
 13
 Defendants claim that Waco and its progeny provide a basis upon which this court may grant jurisdiction in this case. Defendants contend that the district court made a preliminary determination of a substantive issue (that the Warsaw Convention does not preempt Plaintiffs' state law claims) before issuing the order of remand. Therefore, according to Defendants, we have jurisdiction to consider their appeal of this substantive issue as a final collateral order[4] even though we may not consider the propriety of the district court's order of remand.
 
 
 14
 Contrary to Defendants' claims, these cases do not provide a basis for our review of this issue. In Waco and its progeny, the substantive issue was separable from the decision to remand. In this case, however, the substantive issue is intrinsic to the district court's decision to remand for lack of subject matter jurisdiction. As explained in an earlier decision of this court:
 
 
 15
 This 'matter of substantive law' exception ... is a narrow one: it permits appellate review of a district court remand order only where that order is based solely on a matter of substantive law. It expressly does not permit review of a remand order based on lack of jurisdiction.... It is true that ... the decision underlying the remand order [for lack of subject matter jurisdiction] involved a conclusion of substantive law. However, ... the substantive law decision related to the question of jurisdiction; the remand order did not affect the substantive rights of the parties."
 
 
 16
 Glasser v. Amalgamated Workers Union Local 88, 806 F.2d 1539, 1540 (11th Cir.1986) (footnote and citations omitted). See also Hansen v. Blue Cross of California, 891 F.2d 1384 (9th Cir.1989) ("In deciding whether subject matter jurisdiction exists, a district court will reach legal conclusions concerning the presence of diversity or federal question. [Appellant] merely disagrees with the legal conclusion that the district court drew.... Assuming ... that such a decision is erroneous, section 1447(d) precludes review of remand orders based on lack of subject matter jurisdiction even when the decision is wrong." (footnote omitted)). Thus, the "matter of substantive law" exception is not applicable to Defendants' appeal. Accordingly, we do not have jurisdiction to consider the merits of the substantive issues Defendants have presented on appeal.
 
 
 17
 There is no basis for Defendants' claim that we have jurisdiction to review the district court's remand order. Accordingly, we do not consider any of Defendants' claims regarding the merits of remanding this action. Defendants' appeal is DISMISSED.
 
 
 
 *
 Honorable Robert R. Merhige, Jr., Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation
 
 
 [1]
 Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in 49 U.S.C. Sec. 1502 note (1976)
 
 
 [2]
 Section 1441 provides in relevant part:
 (a) Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending....
 (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties....
 
 
 [3]
 28 U.S.C. Sec. 1443 concerns civil rights cases and is not relevant to the present case
 
 
 [4]
 In Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Supreme Court set forth an exception to the rule that only final judgments of a district court, i.e., those orders terminating the litigation on the merits, may be appealed. This collateral order exception allows appeals from orders which:
 (1) finally determine claims collateral to and separable from the substance of other claims in the action; (2) cannot be reviewed along with the eventual final judgment because by then effective review will be precluded and rights conferred will be lost, and (3) are too important to be denied review because they present a serious and unsettled question of law.
 In re King Memorial Hospital, Inc., 767 F.2d 1508, 1510 (11th Cir.1985).