**In re Cora Smith RICHARDSON and Andrew Cardell Richardson, Appellants/Debtors,**

v.

**Miguel A. CARRASCO, Trustee, Appellee.**

**No. 04–22086–CIV–MOORE.**

United States District Court, S.D. Florida.

Jan. 14, 2005.

---

Timothy S. Kingcade, Kingcade & Garcia, P.A., Miami, FL, for Appellants/Debtors.

Sabrina Chassagne, Miami, FL, for Appellee.

### ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Appellee, Miguel A. Carrasco's ("Carrasco"), Motion to Dismiss (DE # 3) and Appellants, Cora Smith Richardson and Andrew Cardell Richardson's (collectively "Richardson"), Motion for Sanctions Pursuant to Rule 11 (DE # 9).

UPON CONSIDERATION of the motions, responses, pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order, granting Carrasco's Motion to Dismiss and denying Richardson's Motion for Sanctions.

### BACKGROUND

On June 18, 2004, the United States Bankruptcy Court for the Southern District of Florida entered its Order (1) Dismissing Court I of the Amended Counterclaim; (2) Granting Motion for Reconsideration; and (3) Remanding Adversary Proceeding to State Court ("Bankruptcy Court Order"). In the Bankruptcy Court Order, the Bankruptcy Court granted in part Carrasco's Motion to Dismiss Amended Counterclaim, dismissing Count I, with prejudice. Because only Count I alleged a basis for federal jurisdiction, the adversary proceeding was remanded back to the Circuit Court in and for Miami–Dade County, Florida. Counts II through V of the Amended Counterclaim were dismissed, without prejudice, because the Bankruptcy Court opined that "the propriety of these counts was appropriately a matter for the state court since the Bankruptcy Court no longer had jurisdiction over the proceedings." See Bankr.Ct. Order at 8.

On August 4, 2004, Richardson filed a Notice of Appeal, seeking review of the Bankruptcy Court Order. The issues being appealed are: [1]

Whether the bankruptcy court erred in dismissing an adversary proceeding pursuant to Florida Statutes Chapter 726 and 11 U.S.C. § 554(b), without the benefit of 11 U.S.C. § 522(h), against a transferee of the Debtor's homestead by finding that the Chapter 13 Debtor could not, as a matter of law, use the Trustee's strong-arm powers (11 U.S.C. § 544)

. . .

Whether the bankruptcy court abused its discretion by considering matters outside the record in making its [ ] decision[ ] reflected in [the Bankruptcy Court Order].

See Richardson's Statement of Issues on Appeal and Designation of Items in Record on Appeal (DE # 1).

Carrasco filed the instant Motion to Dismiss, arguing that pursuant to 28 U.S.C.

---

**1.** Although Richardson also sought to appeal an April 30, 2004 order of the Bankruptcy Court, this Court dismissed Richardson's appeal of that Order as untimely. See Sept. 1, 2004 Order (Case No. 04–21856, DE # 11).

§ 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." *See* Mot. to Dismiss at 2. Richardson's Response argues that "the general removal statute contained in 28 U.S.C. § 1447 does not apply to bankruptcy cases because the more-specific statute [28 U.S.C. § 1452] applies." Resp. to Mot. to Dismiss at 3. Richardson also moves for Rule 11 Sanctions against Carrasco and Carrasco's counsel, claiming that they have filed a frivolous motion to dismiss for the purpose of harassing and frustrating Richardson and Richardson's counsel. *See id.* at 5. Richardson claims that Carrasco's Motion to Dismiss "cit[es] the wrong statute, cit[es] inapplicable cases and intentionally misguid[es] this court." *Id.*

## DISCUSSION

### A. 28 U.S.C. §§ 1447 and 1452

■ As noted above, in the Response to the Motion to Dismiss, Richardson argues that "the general removal statute contained in 28 U.S.C. § 1447 does not apply to bankruptcy cases because the more-specific statute [28 U.S.C. § 1452] applies." *Id.* at 3. However, as stated by the Supreme Court in *Things Remembered, Inc. v. Petrarca,* "[s]ection 1447(d) applies 'not only to remand orders made in suits removed under [the general removal statute], but to orders of remand made in cases removed under *any other statutes,* as well.'" 516 U.S. 124, 128, 116 S.Ct. 494, 133 L.Ed.2d 461 (quoting *United States v. Rice,* 327 U.S. 742, 752, 66 S.Ct. 835, 90 L.Ed. 982 (1946) (alteration in original)). The Supreme Court explained that "[a]bsent a clear statutory command to the contrary, we assume that Congress is 'aware of the universality of the practice' of denying appellate review of remand orders when Congress creates a new ground for removal." *Id.* Therefore, at least un-

der some circumstances, § 1447 applies to orders of remand in bankruptcy cases. For this reason, Richardson's Motion for Sanctions is denied.

■ The Supreme Court's decision in *Things Remembered* squarely addresses the issues presented in the instant motion: whether § 1447 or § 1452 applies to the Bankruptcy Court Order's remand, and whether the applicable statute bars appellate review of that Order. The Court explains that "[t]here is no express indication in § 1452 that Congress intended that statute to be the exclusive provision governing removals and remands in bankruptcy. Nor is there any reason to infer from 28 U.S.C. § 1447(d) that Congress intended to exclude bankruptcy cases from its coverage." *Id.* at 129, 116 S.Ct. 494. Although " § 1452 contains its own provision governing certain types of remand in bankruptcy ... [t]here is no reason §§ 1447(d) and 1452 cannot comfortably coexist in the bankruptcy context." *Id.* While § 1452(b) authorizes remand on "any equitable ground" and precludes appellate review of any decision to remand or not to remand on that basis, "[i]f an order remands a bankruptcy case to state court because of a timely raised defect in removal procedure or lack of subject-matter jurisdiction ... [t]he remand falls squarely within § 1447(d), and the order is not reviewable on appeal." *Id.*

■ The general statutory provision governing the reviewability of a remand order is § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise..." The Supreme Court explained that "§ 1447(d) must be read *in pari materia* with § 1447(c), so that only remands based on the grounds specified in § 1447(c) are immune from review under § 1447(d)."

*Things Remembered,* 516 U.S. at 127, 116 S.Ct. 494 (citing *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 345–46, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976)). Therefore, "[a]s long as a district court's remand is based on a timely raised defect in removal procedure or on a lack of subject-matter jurisdiction—the grounds for remand recognized by § 1447(c)—a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)." *Id.* at 127–28, 116 S.Ct. 494.

### B. Bankruptcy Court Order

■ This Court must determine whether the Bankruptcy Court Order remanded this action back to state court because of a timely raised defect in removal procedure or lack of subject-matter jurisdiction (pursuant to § 1447(d)), or based upon "any other equitable ground" (pursuant to § 1452(b)). Clearly, the remand was not due to a timely raised defect in removal procedure. Carrasco claims that the Bankruptcy Court Order remanded the action to state court based on lack of subject matter jurisdiction. Mot. to Dismiss at 3. Although Richardson does not specifically argue that the remand was based upon "any equitable ground," the Response argues that § 1452 governs the remand in this case.

In dismissing Count I of the Amended Counterclaim, the Bankruptcy Court directed that "this adversary [proceeding], including Counts II–V of the Amended Counterclaim, [be] remanded to state court, because [Richardson] failed to provide a basis for this Court to retain jurisdiction." Bank. Ct. Order at 3. "The proprietary of [Counts II–V] is appropriately a matter for the state court since this Court no longer has jurisdiction over these proceedings." *Id.* at 8. Based on these statements, it is clear that the Bankruptcy Court remanded this action because it lacked subject matter jurisdiction following dismissal of the one claim that asserted a federal question. Therefore, because the remand in the case was based on lack of subject matter jurisdiction, § 1447(d) is controlling, and appellate review of the remand order is prohibited.

■ Although there are exceptions to the general principal that orders of remand are not appealable, none of them apply here. In *Waco v. United States Fidelity & Guaranty Co.,* the Supreme Court held that while the remand order itself was not appealable, the parties may appeal an order dismissing a claim that precedes and order of remand. 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244 (1934); *see also Calderon v. Aerovias Nacionales de Colombia,* 929 F.2d 599, 601–02 (11th Cir.), *cert. denied* 502 U.S. 940, 112 S.Ct. 376, 116 L.Ed.2d 327 (1991) (discussing *Waco* ). "A reversal [of the order of dismissal] cannot affect the order of remand, but it will at least, if the dismissal of the [ ] complaint was erroneous, remit the entire controversy ... to the state court for such further proceedings as may be in accordance with law." *Waco,* 293 U.S. at 143–144, 55 S.Ct. 6.

■ In *Waco,* the substantive issue was separable from the decision to remand. *Id.* In the instant action, as in *Calderon,* "the substantive issue is intrinsic to the [bankruptcy court's] decision to remand for lack of subject matter jurisdiction." 929 F.2d at 602. The Bankruptcy Court's conclusion that Chapter 13 debtors lack standing to utilize the avoidance and recovery powers of a trustee under § 544(b) is "intrinsic" to the decision to remand because it dismissed the sole federal question claim, thereby leaving the Bankruptcy Court without jurisdiction. *See* Bank. Ct. Order at 7–8. The Eleventh Circuit explained:

This 'matter of substantive law' exception ... is a narrow one: it permits appellate review of a district court remand order only where that order is based solely on a matter of substantive law. *It expressly does not permit review of a remand order based on lack of jurisdiction ....* It is true that ... the decision underlying the remand order [for lack of subject matter jurisdiction] involved a conclusion of substantive law. However, ... the substantive law decision related to the question of jurisdiction; the remand order did not affect the substantive rights of the parties.

*Id.* (citing *Glasser v. Amalgamated Workers Union Local 88*, 806 F.2d 1539, 1540 (11th Cir.1986)(footnotes and citations omitted)(emphasis added); *Hansen v. Blue Cross of California*, 891 F.2d 1384 (9th Cir.1989)("In deciding whether subject matter jurisdiction exists, a district court will reach legal conclusions concerning the presence of diversity or federal question. [Appellant] merely disagrees with the legal conclusion that the district court drew.... Assuming ... that such a decision is erroneous, section 1447(d) precludes review of remand orders based on lack of subject matter jurisdiction even when the decision is wrong.")(footnote omitted)(alteration in original)).

The district court in *Waco* granted a motion to dismiss the cross-complaint, finding that the plaintiff's cause of action against third-party defendant was unnecessary and improper. *Waco*, 293 U.S. at 142, 55 S.Ct. 6. In that same order, the district court determined that upon the dismissal of the cross-claim, there was no longer diversity among the remaining parties, and therefore it lacked jurisdiction. *Id.* The district court remanded the action back to the state court. *Id.* The Fifth Circuit found that it could not review the district court's order of remand, and dismissed the appeal. *Id.* at 142–43, 55 S.Ct. 6. Subsequently, the Supreme Court held that the order of remand was not reviewable on appeal, but the order dismissing the third-party defendant was reviewable because "if not reversed or set aside, [it] would be] conclusive upon the petitioner" in the ensuing state court action. *Id.* at 143, 55 S.Ct. 6. In the instant action, the Bankruptcy Court's decision will not be conclusive on Richardson in the state court action because it relates to federal law, and will not be at issue in the state court action.

■■ Richardson fails to demonstrate how the Bankruptcy Court's legal decision was apart from the question of subject matter jurisdiction, which is required if this exception to nonreviewability is to apply. When diversity jurisdiction is lacking, removal was only proper if there is a federal question claim presented. Consequently, subject matter jurisdiction exists in this case only if Richardson has standing to utilize the avoidance and recovery powers of a trustee under § 544(b). The Bankruptcy Court's decision that Richardson lacked standing, rather than being apart from the question of subject matter jurisdiction, was necessary to determine whether jurisdiction existed. As the Ninth Circuit has explained, in deciding whether subject matter jurisdiction exists, a court will reach legal conclusions concerning the presence of diversity or a federal question. *See Hansen*, 891 F.2d 1384. Here, as in *Hansen*, Richardson merely disagrees with the legal conclusion that the Bankruptcy Court drew; namely that Chapter 13 debtors lack standing to utilize the avoidance and recovery powers of a trustee under § 544(b). Assuming, without deciding, that such a decision is erroneous, § 1447(d) precludes review of remand orders based on lack of subject matter jurisdiction even when the decision is wrong. *See id.* Therefore, the "matter of substantive law" exception is not applicable to Richardson's appeal of the Bankruptcy Court Order.

## CONCLUSION

Accordingly, based on the foregoing, it is

ORDERED AND ADJUDGED that Richardson's Motion for Sanctions Pursuant to Rule 11 (DE # 9) is DENIED. It is further

ORDERED AND ADJUDGED that Carrasco's Motion to Dismiss (DE # 3) is GRANTED. All pending motions not otherwise ruled upon are DENIED AS MOOT. This appeal is DISMISSED. The Clerk of Court is directed to CLOSE this case.