**ORDERED PUBLISHED**

# FILED

AUG 20 2018

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   NV-17-1386-LBTa |
| | BAP No.   NV-17-1388-LBTa |
| CAESARS ENTERTAINMENT OPERATING COMPANY, INC., | (Related Appeals) |
| | |
| Debtor. | Adv. No.   2:17-ap-01237-LEB |
| | |
| MOTI PARTNERS, LLC; MOTI PARTNERS 16, LLC, | Adv. No.   2:17-ap-01238-LEB |
| | |
| Appellants, | |
| | |
| v. | **OPINION** |
| | |
| DESERT PALACE, INC.; PARIS LAS VEGAS OPERATING COMPANY, LLC; PHWLV, LLC; BOARDWALK REGENCY CORPORATION, DBA Caesars Atlantic City; ROWEN SEIBEL; LLTQ ENTERPRISES, LLC; LLTQ ENTERPRISES 16, LLC; FERG, LLC; FERG 16, LLC; TPOV ENTERPRISES, LLC; TPOV ENTERPRISES 16, LLC; DNT ACQUISITION, LLC; GR BURGR, LLC; J. JEFFREY FREDERICK, | |
| | |
| Appellees. | |

LLTQ ENTERPRISES 16, LLC; LLTQ
ENTERPRISES, LLC; FERG, LLC; FERG
16, LLC,

          Appellants,

v.

DESERT PALACE, INC.; PARIS LAS
VEGAS OPERATING COMPANY, LLC;
PHWLV, LLC; BOARDWALK REGENCY
CORPORATION, DBA Caesars Atlantic
City; ROWEN SEIBEL; MOTI
PARTNERS, LLC; MOTI PARTNERS 16,
LLC; TPOV ENTERPRISES, LLC; TPOV
ENTERPRISES 16, LLC; DNT
ACQUISITION, LLC; GR BURGR, LLC;
J. JEFFREY FREDERICK,

          Appellees.

Argued and Submitted on July 27, 2018
at Las Vegas, Nevada

Filed – August 20, 2018

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Laurel E. Babero, Bankruptcy Judge, Presiding

_____

2

Appearances:    Nathan Q. Rugg of Barack Ferrazzano Kirschbaum &
                Nagelberg LLP argued for Appellants; Jeffrey Zeiger of
                Kirkland & Ellis LLP argued for Appellees.

———————

Before: LAFFERTY, BRAND, and TAYLOR, Bankruptcy Judges.

LAFFERTY, Bankruptcy Judge:

## INTRODUCTION

Appellants challenge the bankruptcy court's orders: (1) remanding certain removed claims to Nevada state court based on lack of subject matter jurisdiction; and (2) denying as moot Appellants' motions to transfer venue to the Bankruptcy Court for the Northern District of Illinois.

Because 28 U.S.C. § 1447(d) prohibits review of remand orders that are based on a lack of subject matter jurisdiction, we DISMISS these related appeals.

## FACTUAL BACKGROUND

**The Caesars-Seibel Restaurant Agreements**

Caesars Entertainment Operating Company ("Caesars") and its various affiliates operate multiple casinos in numerous states. Between 2009 and 2014, Caesars affiliates Desert Palace, Inc. ("Desert Palace") and Boardwalk Regency Corporation d/b/a Caesars Atlantic City ("Boardwalk") entered into agreements with entities affiliated with Rowen Seibel (the "Seibel Agreements") to design, develop, construct, and operate restaurants in

Caesars' casinos in Las Vegas, Nevada, and Atlantic City, New Jersey.

Specifically, in 2009, Desert Palace contracted with Seibel affiliate MOTI Partners, LLC ("MOTI") to design, develop, construct, and operate the Serendipity restaurant at Caesar's Palace in Las Vegas, Nevada. In 2012, Desert Palace contracted with Seibel affiliate LLTQ Enterprises, LLC ("LLTQ") to design, develop, construct, and operate a restaurant branded under the name of celebrity chef Gordon Ramsay at Caesar's Palace in Las Vegas. In 2014, Boardwalk contracted with Seibel affiliate FERG, LLC ("FERG") to design, develop, construct, and operate a second Ramsay-branded restaurant at Caesars Atlantic City in New Jersey.

Each of the Seibel Agreements included representations, warranties, and conditions to ensure that Caesars and its affiliates (the "Caesars Affiliates") were not entering into business relationships that would jeopardize their good standing with gaming regulators. To ensure that the Caesars Affiliates were not doing business with an "Unsuitable Person," as defined in the agreements, the Seibel Agreements required Mr. Seibel to provide at the outset of the business relationships "Business Information Forms," in which Mr. Seibel represented that he had not been a party to a felony in the last ten years and that there was nothing that would prevent him from being licensed by a gaming authority. The Seibel Agreements also required Mr. Seibel and his entities to update those disclosures if they became inaccurate; they never provided an update.

4

Unbeknownst to the Caesars Affiliates, when the parties entered into the Seibel Agreements, Mr. Seibel was engaged in criminal conduct that rendered him "Unsuitable" as defined by the Seibel Agreements. Specifically, beginning in 2004 Mr. Seibel was using foreign bank accounts to defraud the IRS. In April 2016, Mr. Seibel was charged with and pleaded guilty to one count of a corrupt endeavor to obstruct and impede the due administration of Internal Revenue Laws. In August 2016 Mr. Seibel was sentenced to federal prison, home confinement, and community service. Mr. Seibel never informed the Caesars Affiliates of any of his criminal activities or his conviction, which the Caesars Affiliates discovered from August 2016 press reports. The Caesars Affiliates terminated the Seibel Agreements on September 2, 2016.

**The Caesars Bankruptcies**

Caesars and numerous affiliates including Desert Palace and Boardwalk each filed chapter 11[1] bankruptcy petitions in the Bankruptcy Court for the Northern District of Illinois in January 2015. The cases were ordered jointly administered, with Caesars designated as the lead case.

In June 2015, Caesars moved to reject the LLTQ and FERG agreements related to the operation of the Ramsay-branded restaurants. In January 2016, Caesars moved to reject the MOTI agreement related to the operation of the

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

Serendipity restaurant. LLTQ and FERG filed a request for payment of administrative expenses in November 2015. MOTI and MOTI Partners 16, LLC (the "MOTI Entities") filed a request for payment of administrative expenses in November 2016. The motions to reject and requests for payment of administrative expenses–which involve the impact of Mr. Seibel's criminal activity on the parties' rights and liabilities under the Seibel Agreements–remain pending before the Illinois bankruptcy court.

Caesars' plan of reorganization was confirmed on January 17, 2017, and the plan's effective date occurred on October 6, 2017.

**Nevada State Court Action**

On August 25, 2017, Desert Palace, Boardwalk, Paris Las Vegas Operating Company, LLC, and PHWLV, LLC ("Caesars Plaintiffs"), filed a lawsuit against LLTQ, LLTQ Enterprises 16, LLC, FERG, FERG 16, LLC (collectively, "LLTQ/FERG"), the MOTI Entities, and others[2] in the District Court of the State of Nevada, Clark County ("Nevada Action"). The complaint seeks three counts of declaratory relief against all defendants: Count I seeks a declaration confirming that under Nevada law the Caesars Plaintiffs properly terminated their agreements with the Seibel-affiliated entities; Count II seeks a declaration that under Nevada law the Caesars Plaintiffs have

---

[2]The other defendants are Rowen Seibel, TPOV Enterprises, LLC, TPOV Enterprises 16, LLC, DNT Acquisition, LLC, GR Burgr, LLC, and J. Jeffrey Frederick. The TPOV entities, DNT, and GR Burgr are Seibel affiliates who are parties to other agreements with Caesars entities.

no current or future obligations to the defendants under the Seibel Agreements because they were fraudulently induced to enter into the Seibel Agreements and because Mr. Seibel and his affiliated entities breached the agreements by failing to disclose material facts; and Count III seeks a declaration that under Nevada law the Seibel Agreements do not prohibit or limit existing or future restaurant ventures between the Caesars Plaintiffs and Gordon Ramsay.

**Proceedings in the Nevada Bankruptcy Court**

On September 27, 2017, the MOTI Entities and LLTQ/FERG each filed Notices of Removal of certain claims in the Nevada Action to the Bankruptcy Court for the District of Nevada, creating Adv. Nos. 17-1237 and 17-1238. The Caesars Plaintiffs filed identical motions in each adversary proceeding to remand the removed claims to the Nevada state court. They argued that the bankruptcy court lacked subject matter jurisdiction because (1) the removed claims did not arise under the Bankruptcy Code; and (2) the claims were not sufficiently related to the bankruptcy proceedings to confer jurisdiction on the bankruptcy court because Caesars had already confirmed a plan of reorganization and the claims did not satisfy the "close nexus" test for postconfirmation jurisdiction. In the alternative, the Caesars Plaintiffs argued that even if the court had jurisdiction, it should remand on equitable grounds.

After a hearing, the bankruptcy court took the matters under submission and issued findings of fact and conclusions of law and orders (1) granting the

Caesars Plaintiffs' motions to remand; and (2) denying the MOTI Entities' and LLTQ/FERG's motions to transfer venue as moot. In its findings, the bankruptcy court concluded that it lacked subject matter jurisdiction over the removed claims because the removing parties had not established the requisite close nexus between those claims and Caesars' confirmed plan. Alternatively, the bankruptcy court determined that if it had jurisdiction, it would exercise its discretion to remand the claims to the state court on equitable grounds pursuant to 28 U.S.C. § 1452(b).

The MOTI Entities and LLTQ/FERG timely appealed.

**Motions to dismiss**

As discussed below, Appellees, the Caesars Plaintiffs, have moved to dismiss these appeals; Appellants oppose the motions. For the reasons explained below, we grant Appellees' motions to dismiss.

## JURISDICTION

The bankruptcy court had jurisdiction, if at all, pursuant to 28 U.S.C. §§ 1334. We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court abuse its discretion in deciding the remand motions before the transfer motions?

Should these appeals be dismissed?

## STANDARD OF REVIEW

A bankruptcy court's decision regarding the order in which to consider

a motion to remand and a motion to transfer venue is reviewed for abuse of discretion. *See Hawkins v. Biotronik, Inc.*, No. 8:16-cv-02227, 2017 WL 838650, at *3 (C.D. Cal. Mar. 3, 2017) (district courts have discretion over whether to hear a motion to transfer prior to a motion to remand).

To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262–63 & n.21 (9th Cir. 2009) (en banc).

## DISCUSSION

**A.    The bankruptcy court did not abuse its discretion in deciding the remand motions before the transfer motions.**

Appellants argue that the bankruptcy court abused its discretion in not transferring the remand motions to the Illinois bankruptcy court for determination. In other words, they contend that the bankruptcy court should have considered the transfer motions before the remand motions.

"Most courts, when faced with concurrent motions to remand and transfer, resolve the motion to remand prior to, and/or to the exclusion of, the motion to transfer. . . . Only in rare circumstances should transfer motions be considered before remand motions." *Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp.,*

9

*Inc.*, No. 8:15-cv-00687, 2015 WL 3631833, at *4 (C.D. Cal. June 10, 2015) (citations omitted). Such rare circumstances include multi-district litigation and where "related to" bankruptcy jurisdiction and removal raise difficult questions. *Id. See also Hawkins*, 2017 WL 838650, at *3, and *Kamana O'Kala, LLC v. Lite Solar, LLC*, No. 3:16–cv–01532, 2017 WL 1100568, at *4 (D. Or. Feb. 13, 2017).

Appellants have not shown that the jurisdictional questions presented in the remand motions were "difficult issues" that could be addressed only by the Illinois bankruptcy court. Appellants argue that the Illinois court was "more invested" in the case and "better equipped to address the jurisdictional and remand analysis," because the matters had been pending in that court for over two years and because that court would ultimately have to reconcile and deal with the consequence of the decision on the remand motions. We find these arguments unconvincing, and conclude that the bankruptcy court did not abuse its discretion in considering the remand motions first.

**B.  We must dismiss these appeals because 28 U.S.C. § 1447(d) prohibits review of the remand orders.**

Appellees move to dismiss these appeals on two grounds: first, they argue that the bankruptcy court's remand orders are not appealable to the extent they were based on lack of subject matter jurisdiction; second, they argue that Appellants waived their right to contest the remand orders because they have continued litigating those claims in state court. Because we agree

with Appellees that we are prohibited from reviewing the remand orders, we need not address the waiver argument.

Two federal statutes dealing with removal and remand are relevant here. The first, 28 U.S.C. § 1447, governing procedures after removal generally, provides, in part, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Importantly, the statute further provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d). The Supreme Court has interpreted these provisions to mean that only remands based on grounds specified in § 1447(c)—a timely raised defect in removal procedure or lack of subject matter jurisdiction—are immune from review under § 1447(d). *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995).

The second relevant statute is the bankruptcy removal statute, 28 U.S.C. § 1452, which provides:

> (a) A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under

11

section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

Under this statute, a remand order that is based on equitable grounds under 28 U.S.C. § 1452(b) is reviewable only by a district court or bankruptcy appellate panel, but not by a court of appeals or the Supreme Court. *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 417 (9th Cir. BAP 1999).

Although the bankruptcy court did not cite 28 U.S.C. § 1447(c) in its findings and conclusions, its finding that it lacked subject matter jurisdiction over the removed claims places the remand orders squarely under 28 U.S.C. § 1447(d). *See Telluride Asset Resolution, LLC v. Bullock (In re Telluride Income Growth LP)*, 364 B.R. 390, 400 (10th Cir. BAP 2007) (bankruptcy court's findings were in effect a determination that it lacked subject matter jurisdiction and thus 28 U.S.C. § 1447(d) precluded review).

In *Things Remembered*, in determining that a court of appeals could not review a district court's order remanding a state court lawsuit against a chapter 11 debtor, the Supreme Court held that 28 U.S.C. § 1447(d) bars appellate review of a remand order that is made for any of the reasons set forth in 28 U.S.C. § 1447(c), even if the removal was effected under the bankruptcy removal statute, 28 U.S.C. § 1452(a). "Section 1447(d) applies 'not only to remand orders made in suits removed under [the general removal statute], but to orders of remand made in cases removed under **any other statutes**, as well.'" 516 U.S. at 128 (quoting *United States v. Rice*, 327 U.S. 742,

752 (1946)). In other words, even if a claim is removed under the bankruptcy removal statute (or another removal statute), if it is remanded for lack of subject matter jurisdiction (or because of a timely raised defect in the removal procedure), appellate review is barred by 28 U.S.C. § 1447(d).

At least two bankruptcy appellate panels have interpreted *Things Remembered* as barring review of a bankruptcy court decision remanding claims for lack of subject matter jurisdiction. *See In re Telluride Income Growth LP*, 364 B.R. 390, and *Auto-Owners Ins. v. Rossi (In re Rossi)*, 444 B.R. 170, 172-73 (6th Cir. BAP 2011). District courts, including at least one in the Ninth Circuit, have reached the same conclusion. *See Hall Family Props. Ltd. v. Gosnell Dev. Corp. of Ariz.*, No. 2:15-cv-00289, 2015 WL 8528497, at *4 (D. Ariz. Dec. 11, 2015) ("[T]he apparent basis of the bankruptcy court's Remand Order–that the court lacks jurisdiction–would deprive this Court of jurisdiction to hear any appeal thereof."); *See also Richardson v. Carrasco (In re Richardson)*, 319 B.R. 724, 728-29 (S.D. Fla. 2005) (28 U.S.C. § 1447(d) precludes review of remand orders based on lack of subject matter jurisdiction even if the decision is wrong).

As contrary authority, Appellants cite an unpublished decision by this Panel, *Williams v. Franklin Towers Homeowners Ass'n, Inc. (In re Williams)*, No. CC-04-1605-MaMoPa, 2006 WL 6817587 (9th Cir. BAP Mar. 10, 2006). In *Williams*, appellees argued that the remand order at issue was not reviewable because it was based in part on a timely raised defect in the removal procedure: specifically, an untimely notice of removal. But in *Williams*, the

13

appellant did not provide the Panel with the bankruptcy court's findings and conclusions; thus the Panel could not ascertain the basis for the court's ruling. Instead of dismissing or affirming on that basis, the Panel exercised its discretion to review the record it had to see whether any plausible basis existed on which the bankruptcy court might have exercised its discretion to remand. Lacking any findings from the bankruptcy court that the remand was based on a procedural defect, the Panel applied the "any equitable ground" standard of 28 U.S.C. § 1452(b). *Id.* at *5-6. Although the Panel found that the record supported a finding that the notice of removal was untimely under Rule 9027, it did not analyze whether that circumstance precluded review under 28 U.S.C. § 1447(d). We thus decline Appellants' invitation to read *Williams* as authority for our review of the remand orders.

Appellants also cite *McVey v. Johnson (In re SMBC Healthcare, LLC)*, 547 B.R. 661 (S.D. Tex. 2016), and *In re D'Angelo*, 479 B.R. 649 (E.D. Pa. 2012). In *SMBC Healthcare*, the district court held that, notwithstanding 28 U.S.C. § 1447(d) and *Things Remembered*, it had jurisdiction to review a bankruptcy court remand order that was based on lack of subject matter jurisdiction. The district court distinguished *Things Remembered* because that case addressed the jurisdiction of the court of appeals over an order of remand issued by a district court, not the jurisdiction of a district court to review a bankruptcy court's remand order. *In re SMBC Healthcare*, 547 B.R. at 675. In addition, the *SMBC* court concluded that "[c]ourts that have interpreted *Things Remembered*

14

as precluding district courts from reviewing bankruptcy court remand orders also overlook the fact that their interpretation impermissibly deprives Article III district courts of the right to oversee Article I bankruptcy courts." *Id.*

*D'Angelo*, cited by Appellants and relied upon by the *SMBC* court, is not persuasive. The appeal in *D'Angelo* was from a bankruptcy court's award of attorney's fees for wrongful removal, but the appellant urged the district court to treat the appeal as challenging the bankruptcy court's remand order and moved to dismiss the appeal under 28 U.S.C. §§ 1447(d) and 1452(b). The district court denied the motion because the remand order had not been appealed, and it found that it had jurisdiction over the appeal of the separate fee award. In dicta, the court explained that 28 U.S.C. § 1452(b) prohibits review by a court of appeals and the Supreme Court, but not by a district court and added that 28 U.S.C. § 1452(b) could not preclude review of a bankruptcy court's remand order by a district court "without running afoul of the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982). *Marathon* concluded that Congress impermissibly delegated Article III functions to bankruptcy courts through the Bankruptcy Act of 1978." *In re D'Angelo*, 479 B.R. at 655 (parallel citations omitted). The *D'Angelo* court did not consider or analyze the applicability of 28 U.S.C. § 1447(d), nor did it need to.

In our view, however, if Congress had intended to permit (or require)

15

Article III review of bankruptcy court remand orders made on the grounds specified in 28 U.S.C. § 1447(c), it could have easily said so. In fact, post-*Marathon*, Congress has amended 28 U.S.C. §§ 1334 and 1452 and 11 U.S.C. § 305(c) to specify that certain abstention or remand orders issued under those statutes cannot be reviewed by the court of appeals or the Supreme Court. Yet Congress chose not to amend 28 U.S.C. § 1447(d). *See Pio v. Gen. Nutrition Cos., Inc.*, 488 F. Supp. 2d 714, 717-18 (N.D. Ill. 2007). And while we have found no published Ninth Circuit decisions on point, two unpublished Ninth Circuit decisions bolster our conclusion that we may not review the remand orders. *See Durham v. Kartchner (In re Durham)*, 91 F.3d 151 (9th Cir. 1996) (unpublished table decision) (affirming the district court's decision to dismiss an appeal of a bankruptcy court's 28 U.S.C. § 1447(c) remand order on the basis that those orders were unreviewable); *Kartchner v. Knauss (In re Knauss)*, 91 F.3d 152 (9th Cir. 1996) (unpublished table decision) (same).

Based on the foregoing, we conclude that we are prohibited from reviewing the bankruptcy court's remand orders. The plain language of 28 U.S.C. § 1447(d) is that a remand order that is based on the grounds set forth in 28 U.S.C. § 1447(c) is not reviewable, period.[3] And *Things Remembered* makes clear that this rule applies even if the claims at issue were removed

---

[3]Courts have recognized a "substantive law exception" to the prohibition on review. That exception permits review of an order that dismisses a claim that precedes the order of remand. *In re Telluride Income Growth LP*, 364 B.R. at 400. The substantive law exception is inapplicable here; no party has argued otherwise.

pursuant to 28 U.S.C. § 1452. 516 U.S. at 128.[4]

## CONCLUSION

For the reasons explained above, we DISMISS the appeals of the remand orders. We also DISMISS the appeals of the orders denying Appellants' motions to transfer, which were rendered moot by the remand orders.

---

[4]As noted, the bankruptcy court alternatively found that if it had jurisdiction, it would remand on equitable grounds under 28 U.S.C. § 1452(b). Because we cannot review the remand orders, we need not consider any alternate basis for remand. If we were to do so, however, we would find no abuse of discretion. The bankruptcy court found that nearly all of the 14 factors to be weighed in determining whether to remand on equitable grounds tipped the scales in favor of remand. *See Nilsen v. Neilson (In re Cedar Funding, Inc.)*, 419 B.R. 807, 820 n.18 (9th Cir. BAP 2009). For example, the court found that the removed claims are all state law contract issues; comity weighs in favor of remand; the Nevada Action remains pending and various claims have already been remanded; the substance of the issues in the removed claims is not inextricably bound to the Illinois contested matters; the claims are not core proceedings; and there are several nondebtor parties involved in the Nevada Action who could be impacted by potentially inconsistent decisions.